[Anderson v. Anderson.]

# Anderson *v*. Anderson.

*Bill for Divorce.*

(Decided Feb. 3. 1910.—51 South. 619.)

*Divorce; Custody of Children.*—Where the wife secures a divorce from the husband on account of cruelty and shows a reasonably good character, as good or better that that of the husband, and the children are of tender age, their custody is properly decreed to the wife.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Lula B. Anderson against George L. Anderson for divorce, with supplemental petition for custody of the children. Decree for complainant and respondent appeals. Affirmed.

LONDON & FITTS, and W. C. GARRETT, for appellant.— A divorce will not be granted for cruel, barbarous or inhuman treatment unless there has been either actual violence committed, attended with danger of life, limb or health, or reasonable apprehension of same.—*Hughes v. Hughes,* 19 Ala. 307; *May v. May,* 30 South. 679. The follwing authorities contain an exposition of what constitutes legal cruelty.—Bishop on Marriage and Divorce, Secs. 1531 and 1536; *Waltermire v. Waltermire,* 17 N. E. 739; *Maddox v. Maddox,* 52 L. R. A. 628. Counsel discuss the evidence at some length, but it is not deemed necessary to set it out.

STERLING A. WOOD, and MARTIN ROYSTER, for appellee.—The follwing authorities sustain the finding of the court on the facts.—Section 3795, Code 1907; *Farmer v. Farmer,* 86 Ala. 322; *Smedley v. Smedley,* 30 Ala.

714; *Goodrich v. Goodrich*, 44 Ala. 673. The courts may award the children to either parent as may seem right and proper, having regard first to the welfare of the children.—*Goodrich v. Goodrich, supra; Lee v. Lee,* 50 Ala. 590; *Anonymous,* 53 Ala. 428.

ANDERSON, J.—The bill in this case seeks a divorce from the respondent husband, under section 3795 of the Code of 1907, which is as follows: "To wife in case of cruelty by husband.—In favor of wife, when the husband has committed actual violence on her person, attended with great danger to life or health, or when from his conduct there is reasonable apprehension of such violence." The record discloses no legal questions to be decided, and the decision of this court must rest upon the conclusion reached upon the evidence. The burden of proof is upon the complainant, and if she has met same the case must be affirmed. If she has failed, it must be reversed and rendered. The evidence has been carefully considered, and we are of opinion that the chancellor did not err in granting relief.

The complainant's evidence made out a case for relief, and she was corroborated by the girl Emeline, as well as by certain other circumstances. The respondent denied all acts of violence, and was in a measure corroborated as to his denials as to some of the charges made against him, especially a failure to provide for his wife. We think, however, that the weight of evidence is on the side of the wife as to cruelty amounting to violence; the character evidence preponderating in her favor, as well as the direct evidence of the girl, Emeline. It is true certain letters were introduced, which were written by complainant not long before the separation, mentioning her husband in affectionate terms; but those letters were written under peculiar

circumstances, to his daughter of a former marriage, and the writer knew would likely be seen by a former wife, and she was doubtless putting up a bold front, not knowing then or anticipating subsequent violence or a separation. Again, the record shows that this respondent was neither cautious in the selection of wives nor considerate in the treatment of same, having been divorced from No. 1 for cruelty, after living with her 10 years and having five living children.

We are also of opinion that, as the children are of tender years, the complainant having shown a reasonably good character, as good or better than the respondent, the chancellor did not err in awarding her the custody of said children.

The decree of the chancery court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.