# Bailey *v*. Gaston.

## *Habeas Corpus.*

(Decided June 10, 1913.   62 South. 1017.)

*Parent and Child; Custody; Rights of Father.*—Under the facts in this case the father was entitled to the child's custody under the rule that, as against third persons, the parent's claim to the custody of the child is the superior one and must be recognized unless the circumstances strongly indicate that the welfare of the child requires that another be selected as its custodian.

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

Petition by Kate Gaston to recover of William Bailey the custody of Bailey's infant son. From an order granting the relief prayed, defendant appeals. Reversed and rendered.

BETTS & BETTS, for appellant. The court erred in the findings, conclusion and judgment rendered.—*Ex parte Boaz,* 31 Ala. 427; *Brinster v. Compton,* 68 Ala. 302; *Neville v. Reid,* 134 Ala. 317; *Kirkbridge v. Harvey,* 139 Ala. 231; *Harrist v. Harrist,* 151 Ala. 659. For a case exactly like the one in point, and conclusive of the matter here, see *Montgomery v. Hughes,* 4 Ala. App. 245.

DAVID A. GRAYSON, for appellee. The court was not in error in its findings on the fact, and in the judgment rendered.—*Ex parte Boaz,* 31 Ala. 425; *Brown v. Brown,* 56 South. 589; Sec. 3808, Code 1907.

[Bailey v. Gaston.]

WALKER, P. J.—At the time of the filing of the petition in this case the child whose custody is in controversy was a boy about three years old. When he was an infant only a few months old he was by his mother, during the illness from which she never recovered, intrusted to the charge of the petitioner, the appellee here, who had the custody of him until his father, the appellant, assumed charge of him a short time before this proceeding was instituted. The mother of the child lived about a year after he was taken by the appellee. About a year after her death, and about nine months before this proceeding, was instituted, the child's father, the appellant, remarried, and at the time of the hearing below was living in his own house with his present wife; the child here in question and his older brother being members of the household.

In reference to the claim of the appellee that the child was given to her by his mother, and that this action was ratified and approved by his father, it is enough to say that if the petitioner's version of the incident is accepted as the true one, it is not to be given a controlling influence in the determination of the question presented, as plainly nothing has occurred which is entitled to be given the effect of a legal relinquishment by the appellant of his rights as the father of the child.—*Montgomery v. Hughes et al.,* 4 Ala. App. 245, 58 South. 113.

It is a well-settled proposition that, as against third persons, a parent's claim to the custody of a child is the superior one, and must be recognized by the courts unless the circumstances are such as strongly to indicate that the welfare of the child requires that another be selected as its custodian.—*Montgomery v. Hughes et al., supra; Striplin v. Ware,* 36 Ala. 87; 29 Cyc. 1590.

An extended discussion of the evidence in this case is not deemed necessary. It is enough to say of it that

[Bailey v. Gaston.]

it does not show that the appellant is in any respect unfit or incompetent to be intrusted with the custody, maintenance, and bringing up of the child, but, on the contrary, is such as to support the conclusions that he is able and willing to perform the duties of a parent, and that at no time has his conduct indicated a lack of proper parental solicitude for the welfare of his offspring. In the matter of ability to provide for the child's support he is, to say the least, at no disadvantage in a comparison with the appellee. In this condition of the evidence his claim to the custody of his child must prevail. It may be remarked that the terms of the judgment appealed from do not indicate that the presiding judge below reached a different conclusion as to the fitness of the appellant to have the custody of his child, as provision was made for his having such custody one week in every month except when the child might be in attendance upon school and during such time on each Sunday in every month. It is not doubted that the appellee has done a good part by the child; but she has not shown that she has a claim to it which is entitled to be recognized as superior to that of the father.

The judgment appealed from will be reversed, and one will here be rendered denying the prayer of the petition, and ordering the petitioner to deliver the minor child, Howard Bailey, into the custody of his father, William Bailey.

Reversed and rendered.