(100 So. 621)

## SPARKMAN v. SPARKMAN.   (8 Div. 224.)

(Court of Appeals of Alabama.   June 10, 1924.)

**1. Domicile ☞5—Domicile of wife and family fixed by husband.**

In absence of grounds for separation husband fixes domicile for wife and family.

**2. Parent and child ☞2(2)—Father entitled to custody of child, if proper person.**

It appearing that the father is a proper person, he is entitled to the custody of infant children as against the mother, in absence of grounds for separation.

**3. Parent and child ☞2(3)—Welfare of child first consideration in determining custody.**

In determining custody of child, welfare of the child is the first consideration.

**4. Parent and child ☞2(4)—Father held entitled to custody of child.**

Evidence as to father's competency and lack of grounds for separation held to require granting custody of child to father as against mother.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Petition of Macon Sparkman to require the surrender by La Mont Sparkman of possession and custody of a child to petitioner. From a decree awarding custody to the petitioner, respondent appeals. Reversed and rendered.

Robert C. Brickell and Chas. T. Grimmett, both of Huntsville, for appellant.

Counsel argue for error in the decree, but without citing authorities.

R. E. Smith, of Huntsville, for appellee.

The custody of the child was properly committed to the mother. Code 1907, § 3808; Anonymous, 55 Ala. 428.

SAMFORD, J.   Oh! for the wisdom of Solomon, in dealing with the delicate situation presented by this record.

In February, 1920, the petitioner, Macon Sparkman was married to respondent, La Mont Sparkman. Shortly thereafter they set up housekeeping on a farm in Tennessee. In due time there was born to the parties a girl child, who in April, 1924, was two years of age. On November 21, 1923, the petitioner left respondent's home taking the child with her and went to live with her parents, who lived in Rutland, some 2½ miles distant. On January 22, 1924, petitioner filed a bill for divorce in the courts of Tennessee, praying for divorce and for the custody of the child, and in said bill she alleges nonsupport and cruelty. The wife is now about 21 years of age and the respondent 25. There is no word in the testimony derogatory to the character of either of the parties or their parents, who appear to be substantial, moral, religious, average American citizens, of the pure Anglo-Saxon type. The father of the girl appears to be able and says he is willing to support his daughter and her child. The father and mother of the man are suitable persons to raise the child, and the man's mother is willing to assume her care. The respondent is an able-bodied person of industrious, moral habits and amply able to support the child, and his attitude towards petitioner, amply sustained by the evidence, is best shown by a letter from respondent to petitioner as follows:

"Huntsville, Ala., Nov. 26, 1923.

"Dear Wife and Baby. I have been unable to understand why you deserted me. And the cold-blooded treatment you have dished out to me. Please understand the baby is as pure and innocent as the angels in heaven, and it has hurt me to think that as she grows up and needs a *home* with her mother and daddy, she is denied the privilege of home sweet home, peace and happiness and all pure and true blooded Americans desire, above all things in this world. Can't you realize the bitter hours she will spend during her life. Many and many hours will she spend weeping for these things, I have just stated. She will think of the words (Home sweet home be it ever so humble, there's no place like home) and she will have a right to be unhappy the rest of her days. Please give these a serious thought. You are *cheating* your own child, the most precious thing you have in all this world and she is my Blood and Yours. She loves me and you will know it if you will remember how she would call me to the table for each meal saying supper daddy, supper ready. O those sweet words ring in my head. Then you will say I didn't support you. Remember how happy we were when night came and we sat before the fire you reading and talking while she played with her dolls, and look at her books. Shall her happy hours be snapped off suddenly on account of your failing to do your duty as a mother and wife. Please have Brother Hogan state the marriage vows that you and I were united on and made man and wife. You took the vow and so did I. No one raised any objection. And every one presents should keep their peace for evermore. We were called one flesh, and no man should put asunder. If you are a christian, then you believe in the commands of the Bible and will obey them otherwise you will be branded and known in the

sight of God and not competent to train my Daughter in the way she should be trained to make her a real christian woman. When she grows up I want her to make some man a pure, loving and deserving wife that will stand for all that is right, the up building and betterment of humanity, instead of a slacker and all that goes with that sort and loved and respected by no one. My plea is this for you and me to look at the past and where we failed to do the right thing, *repent*, and profit in the future by doing the right thing. I will welcome you back with a heart full of real love for you and our baby, and its love that I didn't have for you when I first took you because the baby has given me a better love than love of sweetheart days.

"You and I will renew and make good the marriage vows and all will be peace and happiness between us forever. If you want to go back to our home the right thing shall be done and if that is not to be considered in no way come to me at once and we will rent us a house somewhere to make us a home and I can get work that will give money enough to be sufficient for a support in this case we will necessarily need to be moved and ready for business by the first of month. Thanksgiving will be here Thursday, lets be together so we can give thanks otherwise I don't see that we can be thankful for anything.

"Your Husband,     La Mont Sparkman."

All parties in interest here have the natural affection for the child, accentuated somewhat by the present controversy. In addition to the above, from the character of the parties, the expressions of the young husband and the apparent hesitance of the young wife in testifying as to specific acts claimed to have been committed by the husband as a cause of the unfortunate separation, we are impressed that the ultimate reunion of this husband and wife is not impossible. It also appears from the affidavit of petitioner to the bill filed by her that she is without means of support and is absolutely dependent upon others for her own livelihood and that of her child.

Stated in the language of petitioner testifying in this case, the cause of her leaving her husband's home and the place where he seems to have been doing his best to support her and the child was:

"La Mont mistreated me by being contrary with me and obstinate just in everything and about everything. He was jealous of me and accused me of associating with other men. * * * He didn't want me to curl my hair or fix it any way and he slapped me."

The husband denies this, and the evidence shows that the husband still wants his wife to live with him.

Upon the foregoing evidence what does the law say?

Section 3808 of the Code of 1907, has no application to such a case as this. That section of the Code only declares a rule under the conditions there named, protecting the rights of the husband under certain circumstances.

Nor do we find authority to support the findings of the lower court in the case of Anonymous, 55 Ala. 428. There are here no "continuous accusations against the virtue of the wife, * * * wounding her pride, chilling her affections, blighting her hopes, embittering every hour of her life, until, if all self-respect is not crushed, she must abandon the society of her husband and seek relief from the tortures he inflicts." Nor is there any such cruelty as is contemplated by section 3795 of the Code of 1907, attended with danger to life or health. Marriage is a solemn contract. It is the underlying fundamental of our civilization, and if courts give countenance to separations based upon minor disagreements of husband and wife, incident to almost every marriage, we may expect the continued grind of the divorce courts and the growth of a condition already alarming enough to be of national concern.

[1] In this state, until there is just grounds for separation the husband fixes the domicile for the wife and family. The law charges him with this duty and by criminal statute requires that he support them in accordance with his ability, and enjoins on the wife the duty of honoring and obeying him in all reasonable things affecting the household or the welfare of the family. Grantland v. State, 8 Ala. App. 319, 62 South. 470; Winkles v. Powell, 173 Ala. 46, 55 South. 536. A wife, however, is not the servant of her husband. He is the head of the house, to whom as such she is subordinate. But she is at the same time his companion, the partner and sharer of his fortune, in many respects his equal, and in her appropriate sphere she is entitled to share largely in his authority. He is bound, not only to honor and support her, but to accord to her freely and liberally all her rights. 13 R. C. L. p. 985.

[2] It appearing that the father is a proper person, the right to the custody of an infant child is in him. Bailey v. Gaston, 8 Ala. App. 476, 62 South. 1017; Ex parte Boaz, 31 Ala. 425.

[3] We recognize the rule that the first consideration in a case of this character is the welfare of the child. The courts of this state have always held to that rule. Brinster v. Compton, 68 Ala. 299. But, in this case, from a legal standpoint, we need not consider that question. In either event the welfare of the child seems to be assured, both as to its physical and its moral and religious wellbeing. The future welfare of the child is affected by the separation of the parents, which deprives her of that to which every child is entitled, the love and care of both parents.

[4] The welfare of the child being assured, the father being a suitable person to have custody of her, and the evidence not disclosing any just and sufficient reason for the separation, the court erred in awarding the custody to the mother, and therefore the

judgment is reversed and a judgment will here be rendered awarding the custody of the child, Ruth Sparkman, to the respondent, with the right of the petitioner to visit the child and to see it at all proper times and places and to contribute to its welfare, if she so desires.

Reversed and rendered.