(102 So. 918)

John A. PRUITT v. Ruth PRUITT. (6 Div. 262.) (Supreme Court of Alabama. Jan. 15, 1925.) Appeal from Circuit Court, Jefferson County; William M. Walker, Judge. Petition or bill in equity by John A. Pruitt against Ruth Pruitt, for custody of two minor children. From a decree denying relief, complainant appeals. Affirmed.

Horace C. Wilkinson, of Birmingham, for appellant.

Counsel argues for error in the decree and cites Bryan v. Bryan, 34 Ala. 518; Sparkman v. Sparkman, 20 Ala. App. 50, 100 So. 621.

Clark Williams, of Birmingham, for appellee.

The appellate court accords to the findings of fact by the trial court on testimony taken ore tenus the same credit accorded the verdict of a jury. McSwean v. McSwean, 204 Ala. 663, 86 So. 646; Ray v. Watkins, 203 Ala. 683, 85 So. 25; Andrews v. Grey, 199 Ala. 152, 74 So. 62; Veid v. Roberts, 200 Ala. 576, 76 So. 934; Saibara v. Nursery Co., 200 Ala. 535, 76 So. 861; Darrow v. Darrow, 201 Ala. 477, 78 So. 383; Deal v. Houston County, 201 Ala. 431, 78 So. 809; Faulkner v. Fowler, 201 Ala. 685, 79 So. 257. In cases of this character, the welfare of the child is the question of paramount consideration. Clinkscales v. Clinkscales, 210 Ala. 358, 97 So. 922; Coleman v. Coleman, 198 Ala. 225, 73 So. 473.

SAYRE, J. Complainant's (appellant's) bill in this cause prayed that the custody of two children, a girl aged 6 years and a boy aged 4, be awarded to him. These children were then in the custody of defendant (appellee), their mother, under the judgment and decree of the juvenile court of Jefferson county, of date July 22, 1921. In effect the bill sought a modification of the decree of the juvenile court on the ground that there had been "a material change in the status of the parties," in this, to state the substance of the bill briefly: That then the youngest was nursing at the breast, whereas, at the time of the filing of the bill, the children had reached the age when the care of their mother was not indispensable; that the mother had become financially unable to support and maintain them; that said children were not being reared properly, in that they were not receiving the care and attention of their mother; and that their best interest re-

quired that their custody and control be awarded to complainant, who averred that he was ready, willing, and able to support, maintain and care for them. The trial judge, sitting as chancellor, upon hearing the evidence, dismissed the bill. The facts require no extended discussion. Appellant's case for a revision of the decree of the juvenile court rests in the main upon his own testimony, taken ore tenus before the court. That the court was not much impressed by the testimony so presented sufficiently appears from the decree under review. Fully mindful of the fact that the paramount question in every case of this kind is the well-being of the child, due regard being had for the character and circumstances of the parents, the age and sex of the child, we are of one mind with the trial court that no sufficient reason is shown why the decree of the juvenile court should be modified on complainant's prayer. Appellant lays much stress on the opinion of the Court of Appeals in Sparkman v. Sparkman, 100 So. 621,[1] and the similarity between a letter from appellant, which appears in the transcript of the record in this cause, and a letter copied at length in the opinion of the court in that case. In the letter shown by this record appellant protests much—quite enough, if accepted at its face value, to put appellee in the wrong in remaining away from appellant's bed and board, and to show that, for the moment at least, he would be glad to have her back. But appellee, as her reply shows, thought appellant's letter to have been written for the purpose of putting her in the wrong, and replied "that your cruel conduct towards me, continuing throughout the three years of our married life, has convinced me that I cannot with safety to myself live with you." So this is another case. We cannot search the hearts of these parties, to measure with absolute accuracy the merits of their respective contentions. We can only say, on the record before us, that we are not convinced that two trial judges who have heard and seen them were wrong in their judgment as to what is best for the children. On the contrary, we are rather of the opinion that they have judged the case correctly. Accordingly the judgment and decree appealed from must be affirmed. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

