(105 So. 222)

**SHEDD v. SHEDD. (8 Div. 794.)**

(Supreme Court of Alabama. June 25, 1925.)

**1. Parent and child ⬯2(3)—Welfare of child controlling in determining its custody.**

In determining case involving custody of child of tender years, welfare of child is guiding and controlling consideration.

**2. Parent and child ⬯2(3)—Welfare of child held to require retention of its custody by mother rather than father, who has second wife and three young stepchildren.**

Where father never contributed anything toward support of his five year old female child, and has manifested but little interest in her and is incumbered with a second wife and three young stepchildren, and working for small wages, held that the welfare of child would be better protected by leaving it in mother's custody, though she is poor and unable to provide anything beyond mere necessities.

**3. Habeas corpus ⬯113(12)—Exclusion of proof of mother's general character held immaterial.**

In controversy between father and mother over custody of female child of tender years, the exclusion of evidence as to mother's general character, if error, was immaterial, in absence of proof particularizing her unfitness, where mother for more than four years had cared for child without help from father, who had remarried, and had three young stepchildren, and was earning small wages.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Habeas corpus by J. W. Shedd against Sophia Shedd for custody of a child. From a judgment denying relief, petitioner appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Williams & Chenault, of Russellville, for appellant.

The father is the head of the family and custody of the children should be committed to him in preference to the mother. Ex parte Rickerson, 203 Ala. 305, 82 So. 769; Smith v. Smith, 17 Ala. App. 357, 84 So. 870; Carter v. Carter, 18 Ala. App. 186, 89 So. 861. The permanent welfare of the child is of controlling consideration in awarding the custody of the child. Phelps v. McLeod, 17 Ala. App. 480, 86 So. 150.

J. Foy Guin, of Russellville, for appellee.

A child of tender years should be committed to the care of the mother. Code 1923, § 8278; Anonymous, 55 Ala. 428; Striplin v. Ware, 36 Ala. 87; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848; Anderson v. Anderson, 165 Ala. 181, 51 So. 619. A parent who abandons a child for a long time forfeits his right to its custody. Children's Aid Soc. v. Davis, 211 Ala. 344, 100 So. 325; Kirkbride v. Harvey, supra. A woman's character as to chastity may not be defamed by mere hearsay and community gossip. Basden v. Basden, 209 Ala. 632, 96 So. 881; Powell v. Powell, 80 Ala. 595, 1 So. 549.

ANDERSON, C. J. [1-3] As repeatedly held by this court, in determining cases involving the custody of children of tender years, the welfare of the child should be the guiding and controlling consideration. These people are poor, and neither one is in a position, unfortunately, to provide anything beyond the mere necessities toward the support and maintenance of this child, but the respondent mother seems to have provided for her child as best she could and without the aid or assistance of the petitioner since she was nine months old. Petitioner admits that he has never contributed anything toward the support of said child since he left the mother, over four years ago, and the evidence shows

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 50.

that all during this period he manifested but little interest in or showed but little affection for said child. The child is a girl only five years of age, and we fail to see how her condition can be improved by taking her from her own mother and giving her to a father who has so long neglected her, and who is now incumbered with a second wife and three young stepchildren, and who is working for very small wages. Whether the trial court did or did not err in not permitting proof as to respondent's general character matters not, for, if not good, that of itself, and in the absence of proof particularizing her unfitness, no court would wrest this child from the bosom of her own mother and turn her over to a stepmother under the existing conditions.

The decree of the law and equity court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.