## JONES v. BRYANT.   (7 Div. 627.)

(Supreme Court of Alabama. March 25, 1926.)

1. **Parent and child** ⬤═2(4)—**Proceeding for custody is civil procedure, governed by fact question with child's welfare controlling factor, by whatever pleading presented.**

Proceeding for custody of infant, by whatever pleading presented, is civil procedure, governed by fact question, with present and future welfare and interest of child as controlling factor.

2. **Habeas corpus** ⬤═113(12)—**Refusal to strike from petition for writ to obtain custody of child allegations as to defendant's temporary custody under authority of foreign juvenile court and refusal to return child on such court's order held not reversible error.**

Refusal to strike allegation of petition for writ of habeas corpus for custody of infant that defendant maintained temporary custody through children's home society of another state under authority of juvenile court thereof, and refused to return child to society or petitioner as directed by such juvenile court, *held* not reversible error, no question of res judicata being presented, and matter of cordial relation between states and best interest of child being determinable on hearing.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Petition of Thomas R. Bryant for habeas corpus to C. C. Jones. From decree overruling motion to strike allegations of, and demurrer to, petition, respondent appeals. Affirmed.

The petition shows that the child, Paul Denham, a ward of the juvenile court of Fulton county, Ga., is improperly and illegally held and restrained in Cherokee county, Ala., by Curtis C. Jones, a citizen of said Cherokee county, said Jones having obtained temporary custody of the child through the Georgia Children's Home Society, under authority of said juvenile court, said society being of the opinion Jones was a citizen of Georgia and dealt with him as such; that Jones refuses to return the child to said society or to petitioner as directed by said juvenile court, and is violating his agreement by which he obtain-

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed custody of the child, and is willfully disobeying the order of the juvenile court committing the custody of the child to petitioner.

Respondent moved to strike the allegations of the petition relating to the orders and decrees of the juvenile court of Fulton county, Ga., and demurred to the petition. The trial court overruled said motion and demurrer, and from that decree respondent appeals.

Hugh Reed, of Center, for appellant.

The custody of a child is a matter of inherent chancery jurisdiction, and the controlling inquiry is the best interest and welfare of the child. Powell v. Johnson, 104 So. 525, 213 Ala. 259; 29 C. J. 108; Kirkbride v. Harvey, 35 So. 848, 139 Ala. 231. There is no such thing as res judicata of the question. Murphree v. Hanson, 72 So. 437, 197 Ala. 246. The jurisdiction conferred upon the juvenile court does not deprive a court of equity of its original jurisdiction. Ex parte Jackson, 103 So. 558, 212 Ala. 496; Coleman v. Coleman, 73 So. 473, 198 Ala. 225; Ortman v. Ortman, 82 So. 417, 203 Ala. 167; Yarbrough v. Yarbrough, 75 So. 932, 200 Ala. 184.

Frank M. Savage, of Center, for appellee.

The question of res judicata is not involved. The equity court is not obliged to force execution of the decree of the Georgia court, but will examine into the merits of the case and look to the best interests of the child.

THOMAS, J. [1] The petition is for habeas corpus to try the right of custody of an infant. It is immaterial by what pleading the question may be presented; it is a civil procedure that is governed by the question of fact, with the present and future welfare and interest of the child as the controlling factor. Powell v. Johnson, 104 So. 526, 213 Ala. 259; Tillman v. Walters (Ala. Sup.) 108 So. 62;[1] Kirkbride v. Harvey, 35 So. 848, 139 Ala. 231; Children's Aid Soc. v. Davis, 100 So. 325, 211 Ala. 344.

[2] In the application of this principle in the light of the public policy of this state, it has been held that the jurisdiction conferred on juvenile courts did not deprive a proper tribunal, a court of equity, of its original jurisdiction in the premises to examine the facts in the ascertainment of the best interest and welfare of the infant. Ex parte Jackson, 103 So. 558, 212 Ala. 496; Ortman v. Ortman, 82 So. 417, 203 Ala. 167; McDaniel v. Youngblood, 77 So. 674, 201 Ala. 260; Coleman v. Coleman, 73 So. 473, 198 Ala. 222. And in the case of Murphree v. Hanson, 72 So. 437, 197 Ala. 246, this court declared that no proceeding concerning the custody of a minor can become a matter of res judicata so as to affect a court of equity in the exercise of its paramount jurisdiction over minors

brought within its control. McEntire v. McEntire, 104 So. 804, 213 Ala. 328.

Does it result from the foregoing that there was reversible error in the action of the court in refusing to strike from the petition the allegations relating to the juvenile court of Fulton county, Ga., and in overruling appellant's demurrer to the petition? It is apparent that no question of res judicata is presented. The matter of cordial relation between the states and the best interest of the child will be considered on the hearing. A court of equity would not force the execution of the decree of the court of Georgia indicated by the pleading, without an examination of the merits thereof as to the best interest and welfare of the child. And, all things being equal, it would compel a compliance with said decree. If the interest and welfare of the child would be best conserved by declining to deliver him over to the agent of the Georgia authority, this would be done in a denial of the petition. That is to say, the chief inquiry under the instant petition in determining who shall have custody and control of the infant is the present and future welfare and best interest of the child.

Affirmed.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.

