SPARKMAN v. SPARKMAN. (8 Div. 950.)

Supreme Court of Alabama. Nov. 10, 1927.

**1. Parent and child ⬤⟹2(4)—Infant is ward of court having jurisdiction, and decree awarding custody is final while standing, but is subject to change.**

In exercise of general jurisdiction of courts of equity over custody of infants, child becomes in sense ward of court, and decree awarding custody is final in sense that, while standing, it fixes status of child, and must be obeyed as continuing order under penalty of contempt of court, but subject to change by subsequent order.

**2. Parent and child ⬤⟹2(3)—Controlling inquiry in awarding custody of infant is best interest of child when jurisdiction is invoked.**

In determining who shall have custody of infant, controlling inquiry is best interest of child at time jurisdiction is properly invoked.

**3. Parent and child ⬤⟹2(4)—Custodian of infant has no fixed permanent right, but custody may be terminated by court with view to best interests of child.**

Custodian to whom child has been awarded has no fixed permanent right, but custody is conditional, continuing only to such time as court shall determine, having in view best interests of child.

**4. Parent and child ⬤⟹2(4)—Question of rightful custody of child is never res judicata.**

Question of rightful custody of a child is never res judicata.

**5. Infants ⬤⟹19—Former decree awarding custody of child on substantially same conditions is presumed correct; burden being on party seeking change of custody to show changed conditions.**

Former decree of court of competent jurisdiction awarding custody of infant to one of two contesting parties is not to be wholly disregarded; judicial findings on same, or circumstantially same, conditions being presumed correct, and burden being on party seeking change of custody to show change of conditions.

**6. Parent and child ⬤⟹2(4)—In proceedings to change custody of child, inquiry is not limited to changed conditions of parties, but court may seek truth from whatever source.**

In bill of equity by mother to obtain custody of infant daughter previously awarded to father of child, inquiry is not to be limited solely to changed conditions of parties, but court, as guardian or next friend of child, may seek truth from whatever source and consider facts existing at time of former decree determining custody of child, whether parties have been diligent or not.

**7. Divorce ⬤⟹303(2)—In determining custody of child as between father and mother, pertinent inquiry is which party was at fault in terminating marital relation.**

In bill by divorced wife to obtain custody of infant daughter previously awarded to divorced husband, pertinent inquiry is which party was at fault in severing marital relation.

**8. Divorce ⬤⟹290—Courts of Tennessee in which divorce suit was brought properly refused to adjudicate custody of child previously awarded to father by courts of Alabama in habeas corpus proceedings.**

Where courts of Alabama assumed jurisdiction over custody of child in habeas corpus proceeding brought by mother in Alabama to recover custody and awarded custody to father in Alabama, courts of Tennessee, in which suit for divorce was instituted by mother of child, properly refused to adjudicate issue of custody of child; the courts of Alabama having rightful jurisdiction over the infant.

**9. Courts ⬤⟹95(1)—Alabama court, in bill by divorced wife for custody of child, will accord weight to findings of Tennessee court on issue of cruelty in divorce suit.**

In bill by divorced wife to obtain custody of child previously awarded divorced husband, courts of Alabama accord weight to finding of courts of Tennessee in divorce suit between parties on issue of cruelty, which was basis for divorce suit.

**10. Divorce ⬤⟹303(3)—Evidence showed best interests of five year old daughter required her to be committed to custody of mother, granted divorce for cruelty, rather than to father, who remarried.**

In bill by divorced wife to obtain custody of five year old daughter previously awarded to divorced husband, evidence showing wife was granted divorce for cruelty of husband in charging her with unchastity, that both parties were capable of supporting and educating child and giving her proper training, and that husband had remarried, showed that best interests of child required that she be committed to care and custody of her mother.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Bill in equity by Macon Sparkman against Lamont Sparkman for custody of a child. From a decree for complainant, respondent appeals. Affirmed.

Robert C. Brickell, of Huntsville, for appellant.

Before a bill can be maintained to change the custody of a child, once granted, it should show some material change in the status of the parties or the care of the child, as to justify again invoking the action of the court. Decker v. Decker, 176 Ala. 299, 58 So. 195. The law

regards the father as the head of the family, obliges him to provide for its wants, and commits children to his charge, in preference to the claim of the mother or any other person. His right to the custody may be forfeited by misconduct or lost by misfortune. The evidence shows no misconduct or misfortune of the father to whom custody has been awarded to justify the forfeiture of his custody of the child. Ex parte Boaz, 31 Ala. 425; Bryan v. Bryan, 34 Ala. 516; Sparkman v. Sparkman, 20 Ala. App. 50, 100 So. 621. If the custody is granted to the mother, the child will be removed from this state and the jurisdiction of this court. This should not be permitted; the jurisdiction of the court should be preserved. Royal v. Royal, 167 Ala. 510, 52 So. 735. The rule to be applied in cases of this character is the same no matter how the case is presented. Thomas v. Thomas, 212 Ala. 85, 101 So. 738.

David A. Grayson and R. E. Smith, both of Huntsville, for appellee.

Courts have no power to foreclose future action on the subject-matter of the child's custody. Decker v. Decker, 176 Ala. 299, 58 So. 195. The claim of the innocent party must of necessity be regarded with greater favor. Anonymous, 55 Ala. 428; Young v. Young, 214 Ala. 642, 108 So. 746. The court will not lose jurisdiction of the child in event complainant should remove her to Tennessee. Ex parte Vaughn, 205 Ala. 296, 87 So. 792. The custody was rightfully awarded to the mother. Basden v. Basden, 209 Ala. 632, 96 So. 881.

BOULDIN, J. This is a contest, by bill in equity, between father and mother, for the custody of an infant daughter, now five years of age.

The two young people, of good families, were married in Franklin county, Tenn., February 9, 1921, and thereafter resided upon a farm near the town of Huntland in that county until November, 1923, when the wife left the home of her husband, and returned to that of her father in Huntland. She carried their baby, Ruth, then nearing two years of age.

After some unsuccessful overtures to induce his wife to return, the husband took their baby, carried her to the home of his parents in Huntsville, Ala., some 30 miles away, and there resumed his residence.

The wife then filed her bill in the chancery court of Franklin county, Tenn., for divorce upon the grounds of cruelty and nonsupport, and asked to be awarded the custody of the child. About a month later the wife instituted a proceeding by habeas corpus before Hon. J. E. Horton, judge of the circuit court, at Huntsville, Ala., to recover the custody of the child. This petition was granted, and the custody of Ruth awarded to her mother.

The father prosecuted an appeal to the Court of Appeals of Alabama, which court, in an interesting opinion (Sparkman v. Sparkman, 20 Ala. App. 50, 100 So. 621), reversed the decree of Judge Horton, and awarded the custody to appellant. Pursuant to the requirements of a bond executed pending appeal, the mother returned the child to the custody of the father in Alabama. After the hearing on habeas corpus before Judge Horton, the father appeared and filed his answer to the bill for divorce pending in the Tennessee court.

The case proceeded to hearing upon the merits, resulting in a decree by Chancellor Stewart granting the wife an absolute divorce upon the ground of cruelty. Meantime, the decision of the Court of Appeals of Alabama had been rendered, and set up as res adjudicata upon the issue of the rightful custody of the infant child. Chancellor Stewart held the mother to be a proper person to have the custody and control of the child, but decreed "that the plea of res adjudicata be sustained, and the question of the custody of the child is not, therefore, adjudicated."

Thereupon the present bill in equity was filed in the circuit court at Huntsville, and heard before Judge Horton, who again decreed the custody of the child to the mother. From this decree the present appeal is taken.

[1, 2] In the exercise of the general jurisdiction of courts of equity over the custody of infants, the child becomes in a sense the ward of the court. The decree, final in the sense that while standing it fixes the status of the child, and must be obeyed as a continuing order under penalty of contempt of court, is subject to change by subsequent order. The controlling inquiry throughout is the best interest of the child, his or her interest at the time jurisdiction is properly invoked.

[3] The custodian has no fixed permanent right. His custody is conditional, liable to be terminated when the court finds occasion so to do. The law writes into the decree the implied provision that the custody so awarded shall continue only to such time as the court shall determine, having in view all interests involved of which the child's welfare is of first moment.

[4] Accordingly, it has been often declared by this court that the question of the rightful custody of a child is never res adjudicata. Pearce v. Pearce, 136 Ala. 188, 33 So. 883; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Hayes v. Hayes, 192 Ala. 280, 68 So. 351; McEntire v. McEntire, 213 Ala. 328, 104 So. 804; West v. Chandler, 201 Ala. 260, 77 So. 674; Jones v. Bryant, 214 Ala. 348, 108 So. 68; Porter v. Porter, 216 Ala. 169, 112 So. 646.

The same rules govern courts of equity whether jurisdiction is invoked by habeas corpus or by bill in equity. Thomas v. Thomas, 212 Ala. 85, 101 So. 738.

[5] It does not follow that a former decree

of a court of competent jurisdiction awarding the custody to one of two contesting parties is to be accorded no weight in later proceedings. Judicial findings upon the same, or substantially the same, conditions are presumed correct. The burden is on the party seeking a change of custody to show some change of conditions or other substantial reason therefor. The courts would disfavor oft-repeated, harassing litigation over the custody of infants. Decker v. Decker, 176 Ala. 299, 58 So. 195; 19 C. J. pp. 349, 350.

[6] We are not inclined, however, to limit the inquiry in subsequent proceedings solely to changed conditions of the parties. It must be borne in mind that, in contests between parents or other persons seeking custody, the court is the representative, the guardian or next friend, of the child. He may seek the truth from whatever source, and is not limited to such testimony, partisan it may be, as the parties may produce.

If pertinent facts existing at the time of the former decree have come to light, whether the parties may have been diligent or not, the court, with the interest of the infant as the guiding star, should hear and consider them. Former decrees, with the presumptions that properly attend them, thus become an aid, and not a binding adjudication, in such proceedings as we have before us.

In the matter of means for the support and education of the child, as well as the influences of good people surrounding her, and caring for her health and training, the Court of Appeals found no complaint with either party. Neither do we. Evidence goes to show that both the husband and the wife have gone to work, and each makes an income which would not leave themselves or the child to be maintained by willing grandparents. The normal love of father and of mother for their child, the like intense fondness of grandparents on both sides, assuring care and affection to the little girl, are unquestioned. These emphasize the tragedy of family disruption. Somebody, probably all, must suffer.

There runs through the decision of the Court of Appeals the hope of reconciliation, and with this hope the court, in its wisdom, left the custody with the father. Since then, an absolute divorce has intervened, and the husband has again married. Hope of reconciliation is passed.

No question is raised as to the personnel of the stepmother. Much is said of the good relations between her and the child. We may say all evidence points to her earnest purpose to do what she can to be a mother to her husband's child. Yet, in the nature of the case, the future must see this little girl mothered by a stepmother or her own mother. Which shall it be?

Before passing to the question of the best interest of the child, the prime inquiry, we must take note of the claims of fatherhood and motherhood. These are not to be despised. The joy of companionship and of daily service for one's children are among the sacred rights of parenthood. These relations hold the best there is in life. It is the right of both parents and the right of their child to have all the happiness and blessing that comes of the family relation.

[7] It follows, in our thinking, that a pertinent inquiry is, Who was at fault in severing this relation? Who was most to blame for the separation? This goes, not only to the question of parental right in the custody of the child, but to those ideals and qualities making for fitness in the culture and care of the child.

In the original bill for divorce in the state of the domicile of the parties at the time of separation, the first complaint presented in court, it was charged, among other things, that the husband was insanely jealous, so that he falsely and without a shadow of foundation accused the wife of infidelity to the marriage vow. The decree of divorce was granted for cruelty in this regard, saying:

" * * * That the defendant has before the separation of complainant and defendant falsely and without cause charged complainant with infidelity; that she had been guilty of improper relations with three different men, whose names were mentioned in the testimony; that these charges were not true, and that on account of same she was forced to withdraw from his home; that the complainant is a chaste woman, and gave defendant no just cause for his said charges."

The husband denied these charges throughout, and admitted there was no ground of suspicion against his wife.

While statutory cruelty as a ground for divorce is more exacting in Alabama than in Tennessee, it is the settled law of Alabama that groundless charges of unchastity addressed by a husband to a faithful and pure wife is such cruelty as to place him in the wrong when a separation results. Is anything more cruel, or more coercive of a separation, when addressed to a chaste, self-respecting woman? Anonymous, 55 Ala. 428, 431; Hardin v. Hardin, 17 Ala. 250, 52 Am. Dec. 170; Rogers v. Rogers, 215 Ala. 259, 110 So. 140.

[8] In the divorce suit this question was the direct controlling issue in the case. Chancellor Stewart very properly recognized the issue touching the custody of the child as not for adjudication before him. Not that the decision of the Court of Appeals was res adjudicata, but that the courts of Alabama had rightful jurisdiction over the infant and the question of her custody invoked by the complainant.

[9] Under all the evidence we accord weight to the finding of the Tennessee court on the issue of cruelty.

We do not fail to note, as did the Court of

Appeals, that in the habeas corpus proceedings this issue was made rather incidental. That court regarded the testimony of the young wife as rather hesitating. We are not inclined to differ.

The Court of Appeals appears much impressed with the letter addressed by the husband to the wife in the nature of an appeal for her return. This letter, sent by friends, and read to the wife, places her at fault throughout; is rather a lecture, than an appeal, to the estranged wife. If, indeed, as the Tennessee court found, the husband was guilty of the cruel conduct attributed to him, it is not strange that such message of self-serving character made no appeal to the wounded wife, but rather steeled her against a reconciliation. Pruitt v. Pruitt, 212 Ala. 697, 102 So. 918.

[10] Without going into other details of evidence, we cannot be sure but that both are somewhat at fault. At any rate, we conclude the husband was so far at fault in the separation, for which he never sought to atone so far as evidence goes, that the wife cannot be held to such wrong in that regard as to weaken the claims of a good mother for the custody of an infant daughter.

By all the tests of experience and the precedents of the wisest courts, we are impelled to hold that the best interests of little Ruth, the equity of the entire case, demands that she be committed to the care and custody of her own mother. Anonymous, 55 Ala. 428, 433; Striplin v. Ware, 36 Ala. 87; Anderson v. Anderson, 165 Ala. 181, 51 So. 619; Shedd v. Shedd, 213 Ala. 440, 105 So. 222.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.