(112 So. 646)

**PORTER v. PORTER.** (6 Div. 561.)

Supreme Court of Alabama. Dec. 9, 1927.

Rehearing Denied May 12, 1927.

1. Mandamus ⟨⟩53—Decree, modifying prior decree as affecting custody of children, is reviewable by mandamus.

Decree in divorce action, modifying former decree as respects custody of children, is reviewable by mandamus to compel its vacation.

2. Divorce ⟨⟩298(1)—In decrees incident to divorce proceedings, paramount consideration is good of children.

Paramount consideration and guide to the court in proceedings incident to a divorce is the good of the children.

3. Divorce ⟨⟩303(1)—There can be no res judicata as to best interests of infants in divorce proceeding relating to their custody.

There is no res judicata as to the status and best interests of infants in a divorce proceeding touching the temporary or permanent custody of them.

4. Mandamus ⟨⟩168(4)—Evidence held to warrant granting rule nisi requiring circuit judge to show why mandamus should not issue commanding him to vacate decree awarding part time custody to mother.

Evidence *held* to warrant granting rule nisi on petition for mandamus in Supreme Court, requiring circuit judge to show cause why mandamus should not issue commanding him to vacate decree in divorce proceeding awarding part time custody of children to mother and further commanding him to reinstate a former decree.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Petition of Adaline Culp Porter for modification of the decree in the divorce case of Henry J. Porter, Jr., against Adaline Culp Porter. From a decree modifying the former decree, complainant Henry J. Porter, Jr., appeals and petitions for mandamus. Appeal dismissed; mandamus awarded.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

The decree is reviewable on motion for mandamus. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Hershey Choc. Co. v. Yates, 196 Ala. 657, 72 So. 260; Foshee v. State, 210 Ala. 155, 97 So. 565. When conditions are unchanged, the court is without justification in making arbitrary changes in a decree as to custody of children. Buckminster v. Buckminster, 38 Vt. 248, 88 Am. Dec. 657; 2 A. & E. Ency. L. (2d Ed.) 137; Cariens v. Cariens, 50 W. Va. 113, 40 S. E. 335, 55 L. R. A. 930; Burns v. Shapley, 16 Ala. App. 297, 77 So. 447; Bryan v. Bryan, 34 Ala. 516.

Black & Fort and G. Ernest Jones, all of Birmingham, for appellee.

It is not necessary to the maintenance of the jurisdiction of this court that the residence of the children be restricted to the state of Alabama. Both parents are parties to the suit, and are bound by the decrees and orders of the court. Burns v. Shapley, 16 Ala. App. 297, 77 So. 447; In re Krauthoff, 191 Mo. App. 149, 177 S. W. 1112.

THOMAS, J. [1] The right to review on motion for mandamus is supported by the authorities. Ex parte Jackson, 212 Ala. 496, 103

So. 558; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836.

[2] After the divorce which made provision for the infants, the wife and mother sought modification of the decree so that she might have the children a part of the time, which was granted. The testimony was heard before the court ore tenus, and the exercise of a sound judicial discretion is challenged. Was the modified decree with due regard to the rights of the respective litigants and in harmony with the principles that in the matter of the temporary or permanent custody of infants their well-being and best interest should be the determining factor? The paramount consideration and guide to the court in the premises is the good of the children. McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674; Pearce v. Pearce, 136 Ala. 188, 33 So. 883; McGough v. McGough, 136 Ala. 170, 33 So. 860; Hayes v. Hayes, 192 Ala. 280, 68 So. 351.

We have been exhorted to read all the evidence and the many letters exhibited as evidence. This has been done. It is a sad story of domestic infelicity and children periodically subjected to divided authority and example. And, as to the children and the parties, and, it may be, third persons, troubles may arise from acts committed by themselves, but the most cautious and blameless conduct cannot always secure against trouble. When troubles come, whether by one's own fault or not, confidence in the Divine Law will alleviate them and often be conducive to a better and more blameless and unselfish life.

[3] There is no res judicata as to the status and best interest of infants in a case like this, touching, as it does, the temporary or permanent custody of them; the necessities of the case keep the decree open for the application of principles of equity and law in the light of the best interest and welfare of the infants. Jones v. Bryant, 214 Ala. 348, 108 So. 68.

[4] We have carefully considered all the evidence, and the rule nisi is awarded, writ to issue to the circuit judge, Hon. Wm. M. Walker, to show cause on Thursday, January 13, 1927, why peremptory mandamus should not issue, commanding him to vacate the decree of July 27, 1925, and reinstate the decree of the date of June 28, 1924, with modification that the children be not carried beyond the jurisdiction of this state, as being to the best interest of the children and with due regard to the respective interests of the parties.

Appeal is dimissed, and rule nisi is awarded. All the Justices concur.

On Rehearing.

PER CURIAM. Upon a reconsideration of this case in connection with the respondent's answer to the rule nisi, the court adheres to its former opinion, and the mandamus is awarded, directing the respondent, the trial judge, to modify the decree heretofore rendered so as to conform to the opinion of this court. The question of the custody of the children, however, will be held in fieri by the trial court, subject to change or modification as changes in conditions may arise.

All the Justices concur.