THOMPSON, Presiding Judge.
M.F. appeals from a judgment of the Butler Circuit Court (“the trial court”) vacating a December 1, 2008, judgment (“the 2008 judgment”) of the Butler Juvenile Court (“the juvenile court”) on the ground that the juvenile court did not have subject-matter jurisdiction. The trial court’s judgment also ordered M.F. to relinquish custody of T.P. (“the child”) to W.W. (“the father”) after a two-month “transition” period. M.F. is not the child’s mother; from the record, we are unable to discern her relationship to the child or the child’s parents. The father did not favor this court with a brief on appeal.
The record on appeal is sparse. Documents in the record indicate that the child was born in January 2000, and W.W. was adjudicated the child’s father in January 2002. Pleadings in this case indicate that, in the 2008 judgment, which is not included in the record on appeal, the juvenile court awarded legal and physical custody of the child to M.F.
On October 24, 2011, the father filed in the trial court a petition to modify custody of the child. In the petition, the father alleged that M.F. had repeatedly denied him access to the child, thereby, he asserted, preventing him from “developing] a *368 meaningful parent-child relationship.” The father also filed in the trial court a motion seeking relief from the 2008 judgment, pursuant to Rule 60(b), Ala. R. Civ. P. The Rule 60(b) motion is not contained in the record on appeal. In its judgment, the trial court indicated that the father’s Rule 60(b) motion alleged that the juvenile court did not have subject-matter jurisdiction when it entered the 2008 judgment. The record on appeal does not contain any of the pleadings that had been filed in the juvenile-court action, and the trial court’s judgment does not set forth the factual basis for its determination that the juvenile court did not have subject-matter jurisdiction to enter the 2008 judgment.
The trial court’s judgment in this matter indicates that the issues raised in the father’s Rule 60(b) motion were “discussed,” and an e-mail from Renny D. McNaughton to Renee Jones, which is contained in the record, states that M.F.’s attorney had requested a transcript of any hearing on the motion, but that nothing was put on the record “because there was no hearing.” The e-mail does not identify McNaughton or Jones.
On appeal, M.F. contends that the trial court erred in vacating the 2008 judgment. Specifically, she asserts that a circuit court cannot grant relief from a void judgment entered by a juvenile court. M.F. cites no authority to support her argument, and she fails to develop her argument further, in contravention of Rule 28(a)(10), Ala. R.App. P. It is not the function of the appellate courts to develop, research, and support an appellant’s arguments. Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007); Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003).
Furthermore, easelaw indicates that a circuit court can vacate a judgment of another court in a subsequent independent action. See EB Invs., LLC v. Atlantis Dev., Inc., 930 So.2d 502, 508 (Ala.2005); McSween v. McSween, 366 So.2d 293, 295 (Ala.Civ.App.1979); and the Committee Comments on 1973 Adoption of Rule 60, Ala. R. Civ. P. (“The normal procedure to attack a judgment under this rule will be by motion in the court which rendered the judgment.... [I]f relief from the judgment is sought in some other court than the court which rendered the judgment, the party should bring an independent proceeding.”).[1]
M.F. also argues that the trial court erred in granting the father’s petition to modify custody without holding an evidentiary hearing. As mentioned, the child was born in January 2000; therefore, he is approaching his 14th birthday. In her brief, M.F. states that the child has lived with M.F. since he was an infant. However, “this [c]ourt is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala. 1995).” Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002). Moreover, in awarding custody to the father, the trial court stated that “it is undisputed that [the child’s mother, L.P.S.,] was [the *369 child’s] custodial parent prior to the juvenile court’s order of December 1, 2008.” The trial court also noted that, in the present action, L.P.S. (“the mother”) had filed a pleading requesting that the father be awarded physical custody of the child and that the mother and the father be awarded joint legal custody of the child. Regardless, until the entry of the trial court’s judgment in this case, the father had never had custody of the child.
The procedural posture of this case is complicated. In its judgment, the trial court stated that, because it had granted the father’s Rule 60(b) motion for relief from the 2008 judgment, the hearing on the father’s petition to modify custody became “moot and no longer necessary.” The trial court further stated:
“[T]he circumstances presented in this matter do present [the trial court] with a few issues in regards to the when and how to get the minor child to [the] father. Further, this court is aware that the child has resided with [M.F.] for a substantial amount of time and has probably developed a relationship with [M.F.] significant enough to warrant visitation.”
The trial court crafted a “transition” schedule for the child. The judgment then provided:
“Once the minor child has transitioned into the home of [the father], [M.F.] will be entitled to whatever reasonable visitation upon which the parties can agree. Said visitation shall not interfere with the visitation privileges granted to the minor child’s mother, ... as set out by the document she filed with [the trial court] on or about January 27, 2012, unless the parties involved agree otherwise, in writing.”
It is axiomatic that the primary concern in cases involving child custody is determining the best interests of the child. See Hodgins v. Hodgins, 84 So.3d 116, 127-28 (Ala.Civ.App.2011). More than 60 years ago, our supreme court stated that “[i]n all [child-custody] proceedings the question of custody rests at last upon the determination of wherein lies the best interest of the children, the conflicting parental rights being secondary in importance.” Ex parte Ingalls, 256 Ala. 305, 309, 54 So.2d 288, 291 (1951). It has long been the law in Alabama that, regardless of the irregular or peculiar nature of the proceedings, once a dispute as to custody of a child comes within the equitable jurisdiction of the court, the court must, consistent with due process and our Rules of Civil Procedure, decide the custody dispute based on its determination as to the present and future welfare of the child. See, e.g., Jones v. Bryant, 214 Ala. 348,108 So. 68 (1926). That observation appears especially relevant in this case, in which the trial court assumed that, by vacating the 2008 judgment, it had eliminated any controversy regarding custody.
Before custody of a child can be awarded to a parent with whom the child — in this case, a 13-year-old child— has never resided or with whom the child has never developed a relationship, evidence must be adduced from which the trial court can determine whether such an award is in the child’s best interest. In a case involving a custody dispute, this court held:
“ A parent must have notice of the issues the court will decide in order to adduce evidence on those issues before the court, to give the court a basis from which a determination most beneficial to the child can be made. Otherwise, the child, rather than being helped, might even be harmed.’ ”
Ex parte Franks, 7 So.3d 391, 395 (Ala. Civ.App.2008) (quoting Thome v. Thome, *370 344 So.2d 165, 170 (Ala.Civ.App.1977)) (emphasis added). Furthermore, the desires of the father are not the paramount consideration. Even in cases in which a noncustodial parent has sought pendente lite custody, this court has held
“that due process requires that, in an action seeking to modify custody, the party seeking an award of pendente lite custody must ‘introduce evidence establishing that an award of pendente lite custody to him [or her is] in the best interest of the child.’ Ex parte Russell, 911 So.2d [719] at 725 [(Ala.Civ.App. 2005)]. See also Ex parte Norlander, 90 So.3d 183 (Ala.Civ.App.2012); Ex parte Couey, 110 So.3d 378 (Ala.Civ.App. 2012) (the allegations in the father’s motion for pendente lite custody were insufficient to warrant a transfer of pen-dente lite custody without first affording the mother notice and an opportunity to be heard).”
Ex parte Dean, 137 So.3d 341, 346 (Ala. Civ.App.2013) (footnote omitted).
We recognize that the circumstances in this case created a difficulty for the trial court in resolving the issues before it. Nonetheless, the trial court made a permanent award of custody of the child to the father without receiving evidence from which to determine that such an award was in the best interests of the child. This is not a case in which the mother and the father were married when the child was born, subsequently divorced, and then agreed to a change in custody to benefit the child. Despite knowing he was the father of the child for nearly 11 years, the father had never had custody of the child before filing his modification petition. Based on the allegations in that petition, it appears that the father had not yet “develop[ed) a meaningful parent-child relationship” with the child, even though the child was 11 years old at the time the petition was filed. Furthermore, based on the pleadings in the record, it is unclear whether the child has ever lived with the mother.
As this court noted in Franks, supra, without evidence from which to determine whether the award of custody to the father was in the child’s best interest, it is unclear whether the award could harm the child rather than benefit him. The trial court erred in awarding custody of the child to the father without first holding an evidentiary hearing.
For the reasons set forth above, we reverse that portion of the judgment awarding custody of the child to the father, and we remand the cause to the trial court for further proceedings. Based on the record before us, we are required to affirm that portion of the judgment vacating the 2008 judgment of the juvenile court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The Committee Comments on 1973 Adoption of Rule 60 state that an erroneous choice between filing a motion in the trial court that rendered the judgment from which relief is sought or bringing a separate action for relief from that judgment in another court "is not fatal to the party attacking the judgment. There is little procedural difference between the two methods of attack, and since nomenclature is unimportant, courts have consistently treated a proceeding in form an independent action as if it were a motion, and vice versa, where one but not the other was technically appropriate, and any procedural difference between them was immaterial in the case."