MOORE, Judge.
Sharon Swims Knight (“the wife”) appeals from a judgment entered by the Winston Circuit Court (“the trial court”) divorcing her from Burice Vann Knight (“the husband”). We affirm the trial court’s judgment.
According to § 30-2-51(a), Ala.Code 1975, when equitably dividing property in a divorce proceeding, a trial court may not consider property of the parties acquired
“by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage.”
In this ease, the trial court, relying on § 30-2-51(a), determined that the only real property owned by the parties that could be divided consisted of the marital residence. The trial court, again relying on § 30-2-51(a), determined that certain financial assets owned by the husband should be excluded from the marital estate. The wife argues that the trial court erred in its determinations, resulting in an inequitable division of property.
The trial court received evidence indicating that the parties married in 1983 and separated in 2013. The parties resided throughout the marriage in a house in Haleyville that is located on 40 acres that was gifted to the husband by his parents just before the parties married. In 1990, the husband’s parents purchased 20 acres of land adjoining the 40 acres, which they gifted to the husband, but which he and the wife had never used. During the marriage, the husband acquired two other parcels of real property in Winston County—a 1.4-acre parcel and a 2.9-acre parcel— from which he derived rental income. In the years leading up to the divorce, the husband operated a restaurant in a building that is owned by his mother, Carolyn Knight; that building is situated on land that is also owned by Carolyn. Two other tenants share the building, and the husband collects the rent of $825 per month from those tenants. Since 2010, Carolyn has given the husband the rent with instructions that he use the proceeds to fund his individual health insurance.
The trial court found that none of the foregoing real property, other than the marital residence, comprising 40 acres and the marital home, could be considered as marital property because the husband acquired all the other real property through gift or inheritance and none of that proper *1209 ty had been used regularly for the common benefit of the parties during the marriage. Although it appears that the record contains no evidence indicating that the 1.4-acre and the 2.9-acre parcels of real property had been acquired by gift or inheritance, the wife does not specifically argue that the trial court erred in finding that they were. See Galaxy Cable, Inc. v. Davis, 58 So.3d 93, 99 (Ala.2010) (“Failure by an appellant to argue an issue in its brief waives that issue and precludes it from consideration on appeal”). The wife argues only that the husband had reported the rental income from the properties on the parties’ joint income-tax returns. The wife, however, does not explain through citation to legal authority how reporting rental income on property acquired through gift or inheritance on a joint income-tax return constitutes regular use of the property for the common benefit of the parties during the marriage.[1] See Rule 28(a)(10), Ala. R.App. P. It is not the function of this court to perform the wife’s legal research to substantiate this crucial point. See Gibson v. Nix, 460 So.2d 1346, 1347 (Ala.Civ.App.1984) (“Where an appellant fails to cite an authority, we may affirm, for it is neither our duty nor function to perform all the legal research for an appellant.”).
Before and during the parties’ marriage, Carolyn purchased United States savings bonds payable to her or the husband that were worth $50,000 at the time of the trial, which she has maintained in her possession. In 2010, the husband’s parents also funded an investment account for the husband by depositing $58,000 into the account from their own savings. Through accrual of interest, the investment account had accumulated a value of $71,800 at the time of trial. Carolyn also purchased two life-insurance policies covering the husband, one from Woodmen of the World Life Insurance Society, which, at the time of trial had a cash value of $28,099.65, and another from New York Life Insurance Company with a $20,000 benefit.
The trial court found that “all bank accounts, investment accounts, life insurance policies, annuities, U.S. Savings Bonds or any other financial asset owned separately or jointly by the [husband] are hereby awarded to the [husband], including but not limited to all such items introduced into evidence at the trial of this case. The Court finds as a matter of law that these financial assets of the [husband] are his separate property in that they were acquired pri- or to the marriage of the parties or were gifted to him or inherited by him from his parents.... ”
The wife does not argue that insufficient evidence supports the above findings or that any of the financial assets owned separately by the husband to which the foregoing provision refers had been used regularly for the common benefit of the parties during the marriage. By failing to make any legal argument on those points, the wife essentially concedes that those financial assets could not be considered as marital property subject to equitable division. See Galaxy Cable, Inc., supra. The wife does argue that the trial court could have awarded her part of the investment account, which the husband described as a “retirement account,” which could be divisible under § 30-2-51(b), Ala.Code 1975,[2] *1210 but the wife overlooks that the retirement account was funded entirely by a gift from the husband’s parents such that § 30-2-51(a) prevented the trial court from considering that account as a marital asset:
Putting aside the separate property of the husband, as it was required to do by § 30-2-51(a), the trial court equitably divided the remaining property of the parties. The trial court valued the marital residence at $160,000 and ordered the husband to pay the wife $80,000 in exchange for the wife’s executing a quitclaim deed of her interest in the residence.. The wife received her 2006 Toyota Avalon valued at $10,000, while the husband received five vehicles, four of which were inoperable, with an aggregate value of approximately $18,500. The trial court also awarded the parties various personal property within the marital home, which each had requested during the trial without objection. The record contains no evidence of the value of that personal property, but the wife does not argue any error in regard to that aspect of the property division. The property division appears generally equal, if slightly favoring the husband. “A property division does not have to be equal in order to be equitable based on the particular facts of each case; a determination of what is equitable rests within the sound discretion of the trial court.” Baggett v. Baggett, 855 So.2d 556, 559 (Ala.Civ.App.2003), The wife erroneously argues that the husband received an inequitable share of 83% of the marital property by including the separate property of the husband in her calculations. We conclude that the trial court did not exceed its discretion in dividing the marital property. See Clements v. Clements, 990 So.2d 383, 390 (Ala.Civ.App.2007) (applying abuse-of-discretion standard of review to property division).
The wife last argues that the trial court erred by not awarding her any periodic alimony or by not at least reserving jurisdiction to award her periodic alimony in the future. The wife does not develop the first point at all. “It is not the function of the appellate courts to develop, research, and support an appellant’s arguments.” M.F. v. W.W., 144 So.3d 366, 368 (Ala.Civ.App.2013) (citing Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007), and Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003)). As to the second point, the wife argues that the trial court exceeded its discretion by failing to reserve jurisdiction to award her periodic alimony in the-future “[gjiven the disparity in the award of assets accumulated during the course of the parties’ marriage.” However, as we have shown, the trial court did not inequitably divide the marital property. Moreover, the evidence sustains the trial court’s finding of “no real disparity in earnings” between the parties during the marriage. The wife has faded to demonstrate error in the failure of the trial court to reserve jurisdiction to award her periodic alimony in the future.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. The wife also argues that the husband reported the income received from his operation of the restaurant on the parties' joint tax return. However, the evidence is undisputed that the husband does not own any part of the restaurant property, which solely belongs to his mother. See Bonner v. Bonner, 170 So.3d 697 (Ala.Civ.App.2015) (holding that trial court cannot divide real property owned solely by third party witness).

. Section 30-2-51(b) provides that, subject to certain conditions not relevant here: *1210 “The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed....”