(103 So. 71)

## HIGGENBOTHAM v. STATE. (6 Div. 636.)

(Court of Appeals of Alabama. Jan. 20, 1925. Rehearing Denied Feb. 3, 1925.)

1. **Criminal law** ⊝116—Statute providing that offense of nonsupport committed in county where children reside held not unconstitutional as denial of trial where offense committed.

Acts 1919, p. 176, § 7, declaring that offense of nonsupport shall be held to have been committed in any county where children may be at time complaint is made, does not violate Const. 1901, § 6, requiring speedy trial by impartial jury of county or district in which offense was committed.

2. **Parent and child** ⊝2(2)—Husband head of family and may fix domicile and enforce obedience on part of children.

The husband is head of family and must support them, and, until there is just ground of separation, husband has the right to fix domicile, and children are under his control until he has forfeited such right by his conduct.

3. **Parent and child** ⊝2(2)—Respective obligations of father and child continue after voluntary separation until changed by decree.

Upon voluntary separation of husband and wife, respective obligations of father and child continue as they were until changed by decree.

4. **Parent and child** ⊝3(1)—Father permitting children to go with mother without protest liable for their support.

Where father permitted minor children to go with the mother without protest, he was not thereby relieved of duty to support them.

5. **Parent and child** ⊝17(4)—Father permitting children to go to another county and failing to support them guilty of nonsupport, and situs of crime is in county where children are residing.

Where father permitted children to go with mother to another county and willfully refused to support them, he was guilty of nonsupport, in violation of Acts 1919, p. 176, and the situs of the crime is in county where children resided, and court of such county had jurisdiction of prosecution of father.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bert Higgenbotham was convicted of willfully neglecting his children, and he appeals. Affirmed.

See, also, ante, p. 159, 101 So. 166.

Pinkney Scott, of Bessemer, for appellant.

The wife having deserted defendant in Talladega county, the defendant was not guilty, and the trial court had no jurisdiction. 1 Mayfield's Dig. 552; State v. Fuller, 147 Ala. 164, 41 So. 990; Ex parte Rice, 102 Ala. 671, 15 So. 450; Patterson v. State, 146 Ala. 39, 41 So. 157; Jackson v. State, 90 Ala.·

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·

590, 8 So. 862; Jones v. Hines, 157 Ala. 624, 47 So. 739; 6 Michie's Ala. Dig. 521; Code 1923, § 4891; Const. 1901, § 6.

Harwell G. Davis, Atty. Gen., and Ernest L. Hargrave, Asst. Deputy Sol., of Fairfield, for the State.

The trial court had jurisdiction. Acts 1919, p. 176; 16 C. J. 164. Although the children were taken from him by the wife, defendant is liable to support them. Sparkman v. Sparkman, ante, p. 50, 100 So. 621.

SAMFORD, J. The facts in this case are few and simple, with little or no conflict. The defendant and his wife were living together as man and wife in Talladega county, and their six children ranging in age from 1 to 13 years were living with them. Some 6 months before the bringing of the prosecution in this case the defendant and his wife had a row between themselves in their home in Talladega county, after which the wife left, taking the children with her and going to Jefferson county, where they now are. The defendant made no protest or objection to the wife taking the children, and although he has known all along where they were he has made no effort to bring them back or to exercise any parental authority over them. Defendant has also known that the children were without means of livelihood and in destitute circumstances, but made no effort to aid or support them or to prevent them from becoming a burden to the public. It is not pretended that defendant has tried to support these children since they have been in Jefferson county, although he is shown to be an able-bodied man, capable of earning from $2 to $3 daily working at the trade for which he is fitted and that he was constantly earning money. None of these things are denied, the defendant relying solely upon the fact that the children left him in Talladega county, and that he had never been in Jefferson county until he was arrested and carried there on this charge. It is perhaps well to call attention to the fact that defendant is not here charged with a failure in any duty owing to the wife, and therefore her abandonment of defendant cannot become an issue here.

The contention of the defendant is that no offense had been committed by him in Jefferson county, and hence his trial there was in violation of section 6 of the Constitution of 1901, which provides that a person charged with a public offense is entitled to:

"A speedy trial by an impartial jury of the county or district in which the offense was committed."

By an act of the Legislature, approved February 18, 1919, amendatory of a former act of the Legislature relating to the same subject (Acts 1919, p. 176 et seq.) it is provided:

"That any husband who shall, without just cause, desert or willfully neglect or refuse to provide for the support and maintenance of his wife, or any parent who shall, without lawful excuse, desert or willfully neglect or refuse to provide for the support and maintenance of his or her child, or children, under the age of 18 years (whether such parent have custody of such child, or children, or not), she or they being then and there in destitute or necessitous circumstances, shall be guilty of a misdemeanor, and, on conviction thereof, shall be punished by a fine," etc.

[1] Section 7 of the Amendatory Act, supra, fixing the situs of the crime created by section 1, by providing that "any offense under this act shall be held to have been committed in any county in which such wife, child, or children may be at the time such complaint is made," is merely declaratory of a rule of law as to where the offense is really committed, and, as such, does not violate section 6 of the Constitution above cited.

[2] In this state the husband is the head of the family and is charged with the duty of supporting his wife and family, and, until there is a just ground of separation, has the right and it is his duty to fix the domicile of the family. So we declared the law to be in Sparkman v. Sparkman, 100 So. 621.[1] And until he has by some conduct forfeited the right, the children are under his control and it is his duty to enforce obedience on the part of the children to all of his just commands.

[3] Upon the voluntary separation of the husband and wife the respective obligations of father and children continue as they were, until the status is changed by a decree of a court of competent jurisdiction. 29 Cyc. 1607b.

[4] So, if the children of the defendant were living away from him with his consent, or with his permission, the liability for support is still on the father. 29 Cyc. 1609b. As in the instant case the defendant had full control of his six children, it was their duty to obey him. These children could not decide for themselves whether they would go with the mother or stay with the father. The father, without restraint or protest, permitted the children to go with the mother. That he did not in words give his consent is of no moment; by his passive acquiescence the consent is presumed. The children went as they were commanded by the mother, without protest from the father. The father was not thereby relieved of the duty to support them. Authorities, supra.

[5] These children went therefore to the county of Jefferson, with the implied permission of defendant, and it continued his duty to support and maintain them there, in accordance with their station in life and within his ability to do so. When, without just cause, defendant willfully neglected or re-

---

[1] Ante, p. 50.

fused to provide for the support of these children at the place he permitted them to remain, he was guilty of a violation of the statute above quoted and cited. The violation is at the place and in the county where the burden of the support of the children would fall upon the public, by reason of the failure of duty on the part of the parent.

It is not always necessary for a person to have been personally in a particular state or county in order to commit a crime there. This principle is recognized and made the basis of rulings in many cases throughout the various jurisdictions of the United States. In re Fowles, 89 Kan. 430, 131 P. 598, 47 L. R. A. (N. S.) 227; State v. Gillmore, 88 Kan. 835, 129 P. 1123, 47 L. R. A. (N. S.) 217; State v. Peabody, 25 R. I. 544, 56 A. 1028; Bishop, Crim. Law (8th Ed.) 110; State v. Sanner, 81 Ohio St. 393, 90 N. E. 1007. In 16 Corpus Juris, p. 187, the general rule is stated in a clear concise manner and supported by a long line of authorities. This rule we adopt as being applicable to the case at bar. The children of defendant were in the county of Jefferson with his implied consent, his duty was to support them there, or to require them to come to some place provided by him for them. Admittedly he failed to do this.

The court in Jefferson county had jurisdiction. There is no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

