(106 So. 72)
### SPEARS v. STATE. (4 Div. 69.)

(Court of Appeals of Alabama. Aug. 11, 1925. Rehearing Denied Oct. 27, 1925.)

**Husband and wife ⚖️303—Parent and child ⚖️17(1)—Act, declaring offense of nonsupport is committed in county of residence of wife or child or children at time complaint is filed against husband, is not void.**

Acts 1915, p. 563, § 6, declaring offense of nonsupport is committed in the county of residence of the wife or child or children at time complaint is filed against husband, is not void.

Appeal from Probate Court, Geneva County; D. G. Roach, Judge.

Petition of J. E. Spears for writ of habeas corpus. From a judgment denying the writ, petitioner appeals. Affirmed.

Mulkey & Mulkey, of Geneva, for appellant.

The juvenile court was without jurisdiction in the premises. Anonymous, 206 Ala. 295, 89 So. 462; Phillips v. Phillips, 211 Ala. 558, 101 So. 181; State v. Fick, 140 La. 1063, 74 So. 554.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The juvenile court had jurisdiction of defendant. Higginbotham v. State, 20 Ala. App. 476, 103 So. 71. The Juvenile Court Act (Acts 1915, p. 560, § 6) is valid. Shoemake v. State, 17 Ala. App. 461, 86 So. 151.

BRICKEN, P. J. This appellant, J. E. Spears, was arrested upon process issued from the juvenile court of Montgomery county, and was in the custody of the sheriff of Geneva county under this process, at the time he filed his petition for writ of habeas corpus before Hon. D. G. Roach as judge of probate of said county. The writ was granted and the hearing had upon said petition, after which the judge of probate denied the prayer in the petition and remanded petitioner to the custody of the sheriff of Geneva county, Ala. From the order or decree rendered, the petitioner appealed to this court. (The proceedings were had prior to the going into effect of the 1923 Code.)

We are of the opinion that, so far as this particular proceeding (habeas corpus) is concerned, the principal questions involved have already been decided by this court adversely to the insistences of appellant. Higginbotham v. State, 20 Ala. App. 476, 103 So. 71; Shoemake v. State, 17 Ala. App. 461, 86 So. 151, and cases cited.

The principal question insisted upon is whether or not, under the facts, the juvenile court of Montgomery had jurisdiction in the premises. As stated, this question has been decided in the case of Higginbotham, supra.

The facts upon final hearing of this case, as indicated by these proceedings, may be materially different from the facts stated in the opinion in the Higginbotham Case. We shall not, of course, pass upon the merits of the respective insistences which necessarily will arise upon the trial before the juvenile court of Montgomery.

It is evident that the assumption of jurisdiction in these proceedings by the juvenile court of Montgomery was predicated upon section 6 of Act 1915, p. 560. This section, pertinent to the present inquiry, reads:

"Any offense under this act shall be held to have been committed in any county in which such wife, child, or children, may be at the time such complaint is made."

It is conceded, by able counsel for appellant, if the above-quoted section is valid, the said court in Montgomery properly assumed jurisdiction of the case. As stated in the cases, supra, this point of decision has been definitely determined.

Affirmed.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
21 Ala.App.—9