(111 So. 195)

**STATE v. CAYLOR.** (3 Div. 552.)

(Court of Appeals of Alabama. Jan. 11, 1927.)

1. **Husband and wife ⬖4—Husband must support wife in county where he has fixed domicile, and wife must stay there to be supported.**

Husband has duty to support wife in county in which he has fixed domicile, and it is wife's duty to stay there to be supported.

2. **Criminal law ⬖108(1)—Where wife is in county, not matrimonial domicile, with husband's consent, and is there abandoned, venue of husband's prosecution for nonsupport is there (Code 1923, § 4491).**

While wife cannot abandon husband, go to another county, and have him prosecuted for neglect to support her under Code 1923, § 4491, venue is in county other than domicile, where wife is abandoned while there with husband's consent.

3. **Criminal law ⬖107—Statutory provision that offense of willfully neglecting to support wife is committed in any county where wife makes complaint held valid.**

That part of Code 1923, § 4491, prohibiting willful neglect to support wife, which provides that offense is committed in any county where wife may be when complaint is made, does not contravene Const. 1901, § 6, since it merely declares that venue is where duty to support is.

4. **Criminal law ⬖108(1)—Criminal prosecution must be brought in county where crime was committed.**

Const. 1901, § 6, which protects defendant from migratory prosecution, does not confine prosecutions against him to county of his residence, but to county where crime was committed.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

D. A. Caylor was acquitted on a charge of willfully neglecting to support his wife, and the State appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and W. T. Seibels, Sol., and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for the State.

The violation is at the place and in the county where the burden of support would fall upon the public by reason of the failure of duty on the part of defendant. It is not necessary for a person to be in a county to commit a crime there. The Legislature had power to fix the jurisdiction and venue of the prosecution, and section 4491 is valid. Spears v. State, ante, p. 129, 106 So. 72; Higgenbotham v. State, 20 Ala. App. 476, 103 So. 71; In re Price, 168 Mich. 527, 134 N. W. 721, Ann. Cas. 1913C, 594; 16 C. J. 187; State v. Gillmore, 88 Kan. 835, 129 P. 1123, 47 L. R. A. (N. S.) 217; In re Fowles, 89 Kan. 430, 131 P. 598, 47 L. R. A. (N. S.) 227.

R. E. L. Cope, of Union Springs, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

The wife, who has been abandoned in one county cannot by taking up residence elsewhere confer jurisdiction upon a court to punish her husband for the offense. The case of abandonment of children is different. State ex rel. v. Justus, 85 Minn. 114, 88 N. W. 415; Bayne v. People, 14 Hun (N. Y.) 181; People v. Bergen, 36 Hun (N. Y.) 241; People v. Vitan (Gen. Sess.) 10 N. Y. S. 909. The husband fixed the domicile in Bullock county, and the wife cannot confer jurisdiction by moving to Montgomery county. Sparkman v. Sparkman, 20 Ala. App. 50, 100 So. 621.

SAMFORD, J. In the circuit court the trial judge held that the following excerpt from section 4491 of the Code of 1923 was in violation of section 6, art. 1, of the Constitution of 1901, to wit:

"Any offense under this chapter shall be held to have been committed in any county in which such wife, child, or children, may be at the time such complaint is made,"

—and, on the agreed statement of facts that defendant lived in Bullock county and the wife lived in Montgomery county, discharged the defendant.

[1-3] We have read with much care the brief of counsel for appellee, but we fail to see any distinction in principle between the obligation of the husband to support the wife and that to support the children. The statute makes no such distinction, and we can see none. The rule requiring support is very much the same, and was so recognized in Higgenbotham's Case, 20 Ala. App. 476, 103 So. 71, where this court said:

"The husband is the head of the family and is charged with the duty of supporting his wife and family, and, until there is a just ground of separation, has the right and it is his duty to fix the domicile of the family." Sparkman v. Sparkman, 20 Ala. App. 50, 100 So. 621.

If the defendant fixed the domicile of himself and wife in Bullock county, it was his duty to support her there, and it was her duty to stay there to be supported. The wife cannot "willy-nilly" abandon the husband, go to another place of residence, and demand that she be supported there, nor can the state force him to do so. If the wife was in Montgomery county with the consent of the husband, and he abandoned her, and left her in danger of becoming a burden on the county of Montgomery, then the venue is properly in Montgomery county. If, on the other hand, the abandonment took place in Bullock county, although the wife came to Montgomery county, the venue is in Bullock county. The excerpt from section 4491 of the Code, above quoted, is merely declaratory of a rule of

law already well established as to where the offense is really committed, and does not violate section 6 of the Constitution. The venue is where the duty to support is, and under certain circumstances may be in any county in the state, although the defendant never went to the county. Higgenbotham v. State, 20 Ala. App. 476, 103 So. 71; Spears v. State, ante, p. 129, 106 So. 72; 16 Corpus Juris, 187.

[4] Section 6 of the Constitution of 1901 protects the defendant from migratory prosecution. It does not confine prosecutions against him to the county of his residence, but to the county where the crime is committed. The fact becomes a question of proof.

The statute does not violate the Constitution, and the judgment is reversed and the cause is remanded.

Reversed and remanded.