(121 So. 12)

**CAYLOR v. STATE.** (3 Div. 865.)

Supreme Court of Alabama.    March 21, 1929.

R. E. L. Cope, of Union Springs, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

See, also, 21 Ala. App. 627, 111 So. 195; 22 Ala. App. 592, 118 So. 145; 218 Ala. 113, 118 So. 147.

Charlie C. McCall, Atty. Gen., and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for the State.

FOSTER J. The opinion of the Court of Appeals, as expressed in this case on this and former appeal (21 Ala. App. 627, 111 So. 195), and in the case of Higginbothan v. State, 20 Ala. App. 476, 103 So. 71, and Spears v. State, 21 Ala. App. 129, 106 So. 72, is that section 4491 of the Code means that the venue of the prosecution there referred to is in the county in which there is a breach of duty to support the wife and (or) children. A careful consideration of said Code section discloses that it is in form a legislative direction as to what shall be held as to the place of the *commission of an offense*, rather than the *venue of the prosecution*. Section 4891 fixes the venue of the prosecution of a crime in the county where it is committed unless otherwise provided. Section 4491 provides that "any offense under this chapter shall be held to have been committed in any county in which such

wife [or, etc.] may be at the time such complaint is made."

It will be observed that the terms of said Code, § 4491, direct what shall be "held." Is this a direction as to what shall be a judicial opinion of the court? If such be its meaning, it is an encroachment by the legislative body upon the judicial department of the government, and in violation of the Constitution. Hackett v. Cash, 196 Ala. 403, 72 So. 52, Fleming v. Moore, 213 Ala. 592, 105 So. 679. If its meaning is a declaration that the offense is committed in the county where the wife and (or) children be when the complaint is made, it undertakes to fix the place of the commission of an offense, rather than a direction to the court as to what decision it will reach.

The meaning of such a declaration as the one we have in hand was considered by this court in Lindsay v. U. S. Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L. R. A. 783. In that case there was considered an act of the Legislature stating that premiums, fine, or stock taken to represent premiums for loans made by a building and loan association shall not be "treated" as interest, nor subject to the usury laws. This was held to be an effort of the Legislature to construe a previous act in a manner not expressed therein, which the court declined to do. So that it was a decision of the court that, in so far as the enactment related to past transaction, the Legislature exceeded its powers, and assumed powers which the Constitution committed to the judiciary exclusively. As to future transactions, it was the creation of a legal status rather than a mandate to the courts.

Such is the interpretation of a declaratory statute in Cooley on Const. Lim. (8th Ed.) pages 189, 191, 192, where it is said: "It is always competent to change an existing law by a declaratory statute; and where the statute is only to operate upon future cases, it is no objection to its validity that it assumes the law to have been in the past what it is now declared that it shall be in the future. * * * To declare what the law is, or has been, is a judicial power; to declare what the law shall be is legislative. * * * And if it appears to be the intention to establish by declaratory statute a rule of conduct for the future, the court should accept and act upon it, without too nicely inquiring whether the mode by which the new rule is established is or is not the best, most decorous, and suitable that could have been adopted." We do not think that section 4491 is a legislative direction to the judiciary, but rather a legislative enactment, though in the form of a declaratory statute.

But it is not within the power of the Legislature to fix the county in which an offense was committed, when it was in fact not committed in such county, either in whole or in part, and, when properly interpreted, such is not the effect of section 4491. If it be conceded that section 6 of the Constitution would not prohibit the Legislature from fixing the venue of such a prosecution as the one here involved in a county different from the one in which it was committed, it has not here undertaken to fix the venue of the prosecution, but the place of the commission of the offense.

The Court of Appeals has held, for the reasons set forth in its opinion, that the offense in question is committed, if at all, in the county where there is a breach of duty owing by the husband and (or) father, and that the venue of the prosecution is in such county. We think the reasons assigned and authorities cited support the conclusion reached in this respect, for that section 4491 must be interpreted along with section 4480.

Section 4480 makes it a crime for the husband, "without just cause," willfully to fail to provide for the support of the wife, she being then and there in destitute or necessitous circumstances. Has the Legislature provided that a duty of such nature follows the wife wherever she may be, regardless of her fault in going there? An analysis of this chapter of the Code convinces us that no new duty is thereby imposed. The duty to support the wife may or may not follow her, dependent upon the facts, as controlled by existing legal principles. We observe that to constitute the offense there must be an absence of "just cause." The statute does not undertake to define that term. The absence of a legal duty to support, necessarily, is a "just cause" for the failure to support. Though section 4491 says that the offense was committed in the county where the wife is at the time, yet, if there is "just cause" for the failure to support her in that county, no offense was there committed by the very terms of section 4480 of the same chapter. If the law imposed upon the husband the duty to support his wife only in the county of his residence, and not in the county of her residence, there was "just cause" for the failure to provide for her support in the county of her residence. We repeat that it is necessary to construe section 4491 of the Code in connection with section 4480, in which the offense is defined.

Statutes similar to the one here under consideration have been construed in other states. Ex parte Lewis, 34 Nev. 28, 115 P. 729; State v. Sanner, 81 Ohio St. 393, 90 N. E. 1007, 26 L. R. A. (N. S.) 1093; Hatch v. State, 76 Tex. Cr. R. 423, 174 S. W. 1062; State v. Dvoracek, 140 Iowa, 266, 118 N. W. 399. They all recognize the fact that the husband may commit the offense in the county of the residence of the wife. In them, however, it is also recognized that there is no offense in such county, unless the refusal or failure was without legal excuse. We think such interpretation of the statute is obviously correct.

The Court of Appeals finds from the facts shown by the record, not undertaking to set it out in full, "that the whole of it (the testi-

mony) without dispute is to the effect that the duty to support the wife by defendant was at his home in Bullock county, and of whatever crime either of omission or commission the defendant was guilty, [it?] took place in Bullock county."

We think that the Court of Appeals was correct in concluding that, as a result of such finding, there was just cause for a failure to support in Montgomery county, and no offense was there committed. When, however, a prosecution is begun in any county, the court in that county has the power to determine its jurisdiction; and whether the offense as charged was committed within the territory of its jurisdiction. We also agree with the opinion of the Court of Appeals in so far as it relates to the testimony seeking to sustain the character of the prosecuting witness.

It results that the writ of certiorari should be denied.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.