70 So.2d 430

## BENTLEY v. STATE.

### 4 Div. 240.

Court of Appeals of Alabama.

Feb. 9, 1954.

464

Albert L. Patterson, Phenix City, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

**PRICE, Judge.**

The indictment charges the defendant with the offense of removing personal property on which there was a lien, in violation of Title 14, § 363, Code 1940. Defendant was convicted and sentenced to the penitentiary for a term of one year.

The evidence is without conflict that Mr. and Mrs. Ralph Bentley occupied a garage apartment belonging to Mrs. Susie Mathews in Phenix City, Alabama, from June 18, 1951, to December 8, 1951. The rental price for said apartment was $65 per month. In August 1951, the use of a garage was added for an additional $5 making a total of $70 rent to be paid each month. The parties did not enter into a written lease agreement. Mr. Bentley was employed at Ft. Benning, Georgia, earning a salary of around $200 per month. He drove to and from his work every day and his gasoline bill alone was approximately $20 a month. He also made a payment of $50 per month on his automobile. Mrs. Bentley was not employed and they had no income other than Mr. Bentley's salary.

It is likewise uncontroverted that a checking account at the Phenix-Girard Bank was carried in the name of "Mr. or Mrs. Ralph B. Bentley," and that Mrs. Bentley signed checks on this account for the rent and other household expenses.

On the morning of December 8th they informed Mrs. Mathews they were moving. Mrs. Mathews suggested she was entitled to notice and Mrs. Bentley stated she didn't agree to move until the preceding night. Mr. Bentley was present and the balance owing on the rent was figured to be $86.60. The Bentleys owed Mrs. Mathews $21 for borrowed money, and this amount was added to the rent and a check for $107.60 was signed by Mrs. Bentley and delivered to Mrs. Mathews.

The Bentleys moved across the river to Georgia that day. Mrs. Mathews presented

the check to the bank for payment on December 16, 1951. The check was stamped "insufficient funds." Mrs. Mathews left the check at the bank, "because I knew they always deposited on Saturday morning as they got their money." The next week the check was returned stamped "payment stopped," with a note from Mr. Pickren at the bank stating "Mr. Bentley has requested that we put a stop-payment on this check, and we will have to return it to you unpaid." Subsequently, Mrs. Bentley sent Mrs. Mathews a money order for the $20 she had borrowed from her. Mrs. Mathews testified she talked with Mr. Bentley over the phone and he was very ugly about the check and said he wasn't going to pay it.

Both of the Bentleys testified the furniture belonged to Mr. Bentley. This evidence was uncontroverted.

The indictment was returned against Mrs. Bentley and she was extradited from the State of Georgia. The husband was not indicted.

The only material conflict in the evidence was on the question of whether or not any sum is still owing to Mrs. Mathews for the rent of the premises.

We have not been cited to nor has our research disclosed a case in Alabama, or any other jurisdiction, involving such a state of facts as is here presented.

 It is, of course, settled law that the fact of the removal by a defendant of property covered by a valid claim or lien, with knowledge of its existence, raises a presumption of an intent to defraud the holder of the lien. May v. State, 115 Ala. 14, 22 So. 611.

But there is no evidence here tending to show a removal of the furniture by this defendant. The mere fact that she went with her husband to a new place of abode would not be sufficient to create the presumption that she removed the household effects.

In this State, the husband is still recognized by law as the head of the household. Cochran v. Miller, 74 Ala. 50; State v. Fuqua, 258 Ala. 288, 61 So.2d 810. He furnishes the name and fixes the domicile for the wife and family and the obligation of supporting them is imposed upon him. Joyner v. McMurphy, 26 Ala.App. 549, 163 So. 533; Sparkman v. Sparkman, 20 Ala.App. 50, 100 So. 621. The law likewise imposes upon the wife the duty of following her husband to the matrimonial residence, provided by him in good faith, and her refusal to do so, without lawful excuse, renders her guilty of abandonment. Grantland v. State, 8 Ala.App. 319, 62 So. 470; State v. Caylor, 21 Ala.App. 627, 111 So. 195.

Surely the fulfillment of the duty imposed upon the defendant by law to accompany her husband to the domicile chosen by him would not render her guilty of removing her husband's property for the purpose of hindering, delaying or defrauding the landlord, unless there was a conspiracy between the husband and wife to do the unlawful act, and we are of the opinion there is no evidence from which the jury could infer, without a resort to speculation, surmise or conjecture, that such a conspiracy existed or that she aided or abetted her husband in removing the furniture for such purpose.

Under the evidence adduced the defendant was due the general affirmative charge.

Reversed and remanded.