Shirley Mae **WINKENHOFER, etc.,**
Appellant,

v.

Honorable Basil W. **GRIFFIN, Judge,**
Warren County Court, Appellee.

Court of Appeals of Kentucky.

June 28, 1974.

Whayne C. Priest, Jr., Bowling Green, for appellant.

Henry J. Potter, Jr., Bowling Green, for appellee.

CATINNA, Commissioner.

Shirley Mae Winkenhofer is the mother of Roberta Ann Burton who had been born prior to Shirley's marriage to Robert Winkenhofer. Shirley and Robert are the parents of Rebecca and Lisa Marie Winkenhofer. When Shirley and Robert were divorced, she was awarded permanent custody of their children.

On August 24, 1970, Shirley, as mother of Roberta Ann Burton, an infant, filed a petition in the Warren County Court asking that the name of the infant be changed to Roberta Ann Winkenhofer.

KRS 401.020 provides:

"The father, or if he is dead or has abandoned his child who is under the age of eighteen (18), the mother and guardian, or if no mother is living, the guardian alone, may have the name of a child under the age of eighteen (18) changed by the county court of the county in which the child resides. If the child resides on a United States army post, military reservation or fort his name may be changed by the county court of any county adjacent thereto."

The petition for change of name set out that Roberta Ann Burton was an infant, six years of age; that her natural father had abandoned her; that the mother and child were both citizens and residents of Warren County; and that the child had no guardian. Therefore, the petition was filed in the name of the natural mother of the child as required by KRS 401.020.

Shirley Mae personally appeared before the court, along with counsel, and after the court conducted what was deemed a necessary hearing, an order was entered on August 24, 1970, permanently changing the name of Roberta Ann Burton to Roberta Ann Winkenhofer. The order complied with the requirements of KRS 401.030 and was on the same day filed and recorded in the office of the county court clerk. The State of Ohio, relying upon the order, issued a new birth certificate for Roberta showing her last name to be Winkenhofer.

On September 14, 1970, Robert Winkenhofer filed his ex parte "Petition to Vacate and Rescind Order," seeking thereby to have the order changing the name of Roberta set aside. He claimed that Shirley's real purpose in seeking the name change was to insinuate to the public that Roberta was his illegitimate child and also for the insidious purpose of tantalizing and embarrassing him and his two children. He also claimed that Shirley had not notified him of the original county-court proceeding.

Upon the basis of this ex parte pleading, Basil W. Griffin, Judge of the Warren County Court, caused the following order to be entered:

"IT IS ORDERED that the Judgment of August 24, 1970, be resconded (sic) and declared null and void and that the name of Roberta Ann Winkenhofer be restored and changed to Roberta Ann Burton, her rightful and legal name.

IT IS SO ORDERED.

This 14th day of September, 1970."

Shirley, individually, and on behalf of Roberta Ann, instituted this proceeding in the Warren Circuit Court against Judge Griffin, seeking a writ of mandamus directing him to rescind his order of September 14 and to reinstate his prior order of August 24, 1970. The trial court, in refusing to grant mandamus, stated:

"It is carefully noted by this Court that Robert Winkenhofer did not join in with the plaintiff, Shirley Mae Winkenhofer, in the Warren County Court to change the name of Roberta Ann Burton to that of Roberta Ann Winkenhofer. It appears to the Court that the failure of the said Robert Winkenhofer to join with the plaintiff, Shirley Mae Winkenhofer, to change the name of Roberta Ann Burton to that of Roberta Ann Winkenhofer is not only a legal defect, but it is a moral duty on the part of the

**218**

plaintiff, Shirley Mae Winkenhofer, to secure the approval of Robert Winkenhofer for the change in the name of the infant child to that bearing the name of Winkenhofer.

"The Court in reviewing the Kentucky Revised Statute, Chapter 401.010 and 401.020, is of the opinion that there is a legal and moral obligation of the party who desires for the change of the name of any person to that of another family name should ask for the approval of the person who is involved as to the name of the child taking his family name, as in this case, the approval of Robert Winkenhofer should have been requested and secured."

■ Under the common law the changing of a person's name was extremely informal and required nothing other than a public declaration on his part that from that day thence he should be known by his newly adopted name. KRS Chapter 401 does not change or substantially limit this common-law right, its primary effect being the requirement that a permanent record be made of the change of name. The statute does not require the giving of notice or that consent be obtained from persons bearing the proposed new name. Under the statute Robert was not entitled to notice nor was his consent necessary, and this court knows of no reason why either notice or consent should be a part of the statutory proceeding. The trial court, in holding that consent should be required because of the legal nature of a name change, overlooked the fact that the legal name of the mother was "Shirley Mae Winkenhofer."

■ On August 24, 1970, when the county judge signed and entered the order changing the child's name to Roberta Ann Winkenhofer, the order immediately, upon its entry, became valid and binding. KRS 25.160(2). The subsequent ex parte petition of Robert Winkenhofer could be considered as nothing other than an application to change the name back to Roberta

Ann Burton. Robert was neither the father nor the guardian of Roberta Ann. Consequently, he had no standing in court under KRS 401.020 to seek a name change for the child.

The order of Judge Griffin, entered on September 14, 1970, rescinding and voiding the prior order of August 24, 1970, is null and void, as the court had neither the jurisdiction nor the authority to make such change.

The judgment is reversed with directions that a new judgment be entered granting the writ of mandamus ordering and directing Basil W. Griffin, Judge of the Warren County Court, to set aside and rescind the order of September 14, 1970, and that the order so entered by the judge pursuant to the judgment, together with a copy of the original order changing the name of the child, be again certified to the Bureau of Vital Statistics of the State of Ohio.

All concur.