Sylvia Scott WHITLOW,
Plaintiff-Appellant,

v.

F. E. HODGES, Director, Division of Driver Licensing, Department of Public Safety of the Commonwealth of Kentucky, Defendant-Appellee.

No. 75–1519.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 30, 1975.

Decided July 23, 1976.

Robert Allen Sedler, Ky. Civil Liberties Union, Lexington, Ky., Priscilla Ruth MacDougall, Madison, Wis., for plaintiff-appellant.

Mary Jo Arterberry, Bruce K. Davis, Gary L. Dailey, Frankfort, Ky., for defendant-appellee.

Before McCREE, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

At issue in this appeal is whether the Commonwealth of Kentucky may constitutionally require a married woman to make application for and receive a motor vehicle operator's license in the surname of her husband despite a showing that for all other purposes the woman has continued to use her maiden name. Plaintiff's complaint alleges that defendant's policy violates her civil rights under the due process and equal protection clauses of the Fourteenth Amendment. She seeks relief under 42 U.S.C. § 1983, premising federal jurisdiction upon 28 U.S.C. § 1343.

By brief order, the late District Judge Mac Swinford dismissed the complaint relying wholly upon *Forbush v. Wallace,* 341 F.Supp. 217 (M.D.Ala.1971), a three-judge district court ruling, *affirmed* without opinion by the Supreme Court at 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246 (1972). The court in *Forbush* denied the same claim now being urged by plaintiff in the instant case.

Upon appeal, this court entered an order remanding the cause to the district court primarily to permit an inquiry into whether Kentucky law allows a married woman to retain her maiden name as her legal name, indicating that if the district court should find that Kentucky law, like that of Alabama, requires a woman to take her husband's surname upon marriage, then a three-judge court would not be required under 28 U.S.C. § 2281, as the result would be clearly compelled by the affirmance of *Forbush. Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). Upon remand, Chief District Judge Bernard T. Moynahan, Jr. reached the conclusion that under the common law of Kentucky, a woman upon marriage abandons her maiden name and assumes her husband's surname. The district judge accordingly determined that the two cases were identical and once more entered an order of dismissal of the complaint. In this posture the case was again appealed to this court.

In this appeal, most of the briefing of the parties and the attention of the court was directed to whether the district judge was correct in his interpretation of the Kentucky common law. Upon further reflection we have concluded that notwithstanding our original concern in remanding, we need not determine with finality that the challenged regulation is consistent with the common law of Kentucky, a question which we believe upon the existing state of the law in Kentucky is better left to more definite resolution by the courts of Kentucky. Instead, while *Forbush* is no doubt reinforced by such a finding under the common law of Alabama, we read its primary thrust as directed to the question of whether the challenged regulation has a rational connection with a legitimate state interest. *Forbush, supra,* at 222. Thus the concern in *Forbush,* and ours here, is whether the conduct complained of abridges plaintiff's rights under the Constitution of the United States. If the challenged conduct is under color of state law, ". . . inquiry concerning whether the State has authorized the wrong is irrelevant and the Federal judicial power is competent to afford redress for the wrong by dealing with the officer and the result of his exertion of power." *Home Telephone & Telegraph Co. v. Los Angeles,* 227 U.S. 278, 287, 33 S.Ct. 312, 315, 57 L.Ed. 510 (1913); *Accord, Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Daniel v. Waters,* 515 F.2d 485, 488 (6th Cir. 1975).

So viewed, we find *Forbush* on all fours with the instant case. Here precisely as in *Forbush,* an unwritten regulation is challenged. The rationale of *Forbush* can be applied equally here and without variation. Kentucky law, like that of Alabama, affords a simple and inexpensive means of changing one's name. *Winkenhofer v. Griffin,* 511 S.W.2d 216 (Ky.1974); Kentucky Revised Statutes, KRS § 401.010, as amended (1974).*

---

* Significantly KRS § 401.010 was amended in 1974 by deleting an exception to the name change statute in the case of married women.

Plaintiff argues that this court should feel free to depart from the Supreme Court's summary affirmance of *Forbush,* and quotes Justice Rehnquist's comments in *Edelman v. Jordan,* 415 U.S. 651, 671, 94 S.Ct. 1347, 1359, 39 L.Ed.2d 662 (1974) that "[summary affirmances] are not of the same precedential value as would be an opinion of this Court treating the question on the merits". We might be inclined to agree with plaintiff, see *Jordon v. Gilligan,* 500 F.2d 701, 707 (6th Cir. 1974), *cert. denied,* 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975), were it not for the recent pronouncements on the precedential value of Supreme Court summary actions in *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). The Court in *Hicks* rejected a three-judge district court's conclusion that it was not bound by a Supreme Court dismissal of a judgment of a California court "for want of a substantial federal question." The California court had sustained the constitutionality of the same obscenity statute which the three-judge court later decided was unconstitutional. The Supreme Court stated that the district court should have followed the Second Circuit's advice in *Doe v. Hodgson,* 478 F.2d 537, 539 (2nd Cir.), *cert. denied,* 414 U.S. 1096, 94 S.Ct. 732, 38 L.Ed.2d 555 (1973), that the "lower courts are bound by summary decisions by this Court 'until such time as the Court informs [them] that [they] are not'." *Hicks v. Miranda,* 422 U.S. at 344–345, 95 S.Ct. at 2289.

Accordingly, this court deems itself bound by the Supreme Court affirmance in *Forbush v. Wallace, supra.*

Affirmed.

McCREE, Circuit Judge (dissenting).

I respectfully dissent. We cannot determine whether this case is governed by *Forbush v. Wallace,* 341 F.Supp. 217 (M.D.Ala. 1971), *aff'd* 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246 (1972), unless we first determine whether the common law of Kentucky, like that of Alabama, requires a married woman to adopt her husband's surname.

This requirement of the Alabama common law is the cornerstone of the *Forbush* opinion. The court stated:

> We may commence our analysis of the merits of the controversy by noting that Alabama has adopted the common law rule that upon marriage the wife by operation of law takes the husband's surname. *Roberts v. Grayson,* 233 Ala. 658, 660, 173 So. 38 (1937); *Bentley v. State,* 37 Ala. App. 463, 465, 70 So.2d 430 (1954). Apparently, in an effort to police its administration of the issuance of licenses and to preserve the integrity of the license as a means of identification, the Department of Public Safety has required that each driver obtain his license in his "legal name." Thus, in conformity with the common law rule, the regulation under attack requires that a married woman obtain her license in her husband's surname. 341 F.Supp. 221.

Proceeding from this premise, the court held that the regulation was "reasonable" and not violative of equal protection. The court also determined that the underlying state common law rule that a wife must adopt her husband's surname did not violate equal protection, since it was based upon "a tradition extending back into the heritage of most western civilizations," and upon a custom common to all 50 states. Further, the court indicated that this was an area where uniformity among the states is important. Finally, the court added to its analysis of both the regulation and the common law rule the observation that because the state provided a simple and inexpensive procedure for name changes, any injury suffered by plaintiff's class was *de minimus* compared with the administrative difficulties that the state would experience should the regulation be invalidated.

As this analysis of *Forbush* demonstrates, its result is bottomed on the settled state of the common law of Alabama. Accordingly, our case can be governed by *Forbush* if and only if Kentucky, like Alabama, clearly requires a married woman to adopt her husband's surname.

The cases are alike in respect that Kentucky, like Alabama, requires a driver to obtain a license in his legal name. However, the majority opinion does not determine whether the district court was correct in holding that Kentucky, like Alabama, also had a common law rule requiring a married woman to adopt her husband's surname. Instead, it expressly leaves this question open, stating that it "is better left to more definite resolution by the courts of Kentucky." Accordingly, it acknowledges the possibility that Kentucky law does *not* require a married woman to adopt her husband's surname, and that, as plaintiff alleged in her complaint, there is a class of married women too numerous to be joined in this action who, as was their right under state law, did not adopt their husband's surnames and have always been known only by their former names. Mistakenly following *Forbush,* the majority opinion would hold that Kentucky, which requires a driver to be licensed in his legal name, can rationally require persons in plaintiff's class to be issued licenses in names which under state law are *not* their legal names and by which they have never been known. Accordingly, the state interests found to be determinative in *Forbush,* the effective administration of the issuance of licenses and the preservation of the integrity of licenses as a means of identification, cannot possibly be served by requiring a class of drivers to be issued licenses in names which are not their legal names, and by which they are not and have never been known. It seems equally clear that *Forbush,* which depends upon a rational justification, does not compel such a result.

It is therefore essential in this case, as in *Forbush,* to begin analysis by determining whether Kentucky has a common law (or statutory) rule that requires a woman to adopt her husband's surname when she marries. I do not disagree with the general proposition stated in the majority opinion that conduct under color of state law can violate constitutional rights even if it is not authorized by the state. This statement is applicable where the conduct of a person acting under color of state law violates a specific constitutional prohibition, such as the Fourth Amendment prohibition against unreasonable searches and seizures. The equal protection clause, however, does not prohibit a specific practice, but instead prohibits any action that denies the equal protection of the law. By interpretation, the equal protection clause requires that there be a rational connection between a challenged state rule or classification, on the one hand, and a legitimate state interest that it serves, on the other. It is thus essential to determine what classification or rule the state applies and what state interest is to be benefited in order to determine the rationality of the relationship between the two.

Accordingly, I cannot agree with the majority opinion that we can assess the rationality of the state licensing regulation without first determining whether it is (1) a rule that requires married women to hold drivers licenses in their legal names—even if they disagree with the state rule that makes their husbands' surnames their legal names (*Forbush*), or (2) (as plaintiff asserts) a rule that requires persons in plaintiff's class to be issued licenses in names that under state law are *not* their legal names and by which they have never been known.

The majority opinion suggests that we should decline to decide the state law question, and the parties disagree whether the Kentucky rule is the same as that of Alabama. If a majority of the court believe that this is a proper case for abstention, then I think that we should so state forthrightly, and remit plaintiff to the state courts. If not, I think we must first determine what is the law of Kentucky, and then assess its compliance with the constitutional requirements of the equal protection clause.