Anna Marie Hill ALLEN,
Plaintiff-Appellant,

v.

George S. LOVEJOY, Director of Memphis
and Shelby County Health Department,
Shelby County, Tennessee, et al., Defend-
ants-Appellees.

No. 76–1081.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 9, 1977.

Decided April 21, 1977.

Robert M. Johnson, Canada, Russell & Turner, Memphis, Tenn., for plaintiff-appellant.

Abner W. Sibal, James P. Scanlan, E. E. O. C., Washington, D. C., for amicus curiae.

R. A. Ashley, Jr., Atty. Gen., Nashville, Tenn., C. Cleveland Drennon, Jr. (County Defts.), Memphis, Tenn., Edward R. Young (County Defts.), Dwight K. Luter, Memphis, Tenn., for defendants-appellees.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

This is an appeal from summary judgment in favor of Shelby County, Tennessee and several county employees in an action charging that plaintiff was suspended from her employment in the county health department in violation of her constitutional right to be free of discrimination on account of her sex. A declaratory judgment, preliminary and permanent injunctions and damages were sought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988. Injunctive relief and back pay were also requested under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Interrogatories were filed and answered and depositions of the plaintiff and defendant Lovejoy were taken prior to a hearing on the motion of the defendants for summary judgment.

The plaintiff was unmarried when she was employed as a statistical clerk for family planning by the Health Department of Shelby County. Her employment records reflected her maiden name, Anna Marie Hill. After her marriage in December 1973 plaintiff was requested by a personnel clerk to sign prescribed forms authorizing the change of her name on personnel forms of her employer to Allen, the surname of her husband. Plaintiff refused this request and was then advised by two of her immediate supervisors that she was required to comply with the "name change policy" of the County. She then made an appointment with defendant Lovejoy, the director of the department, and was told that compliance was mandatory.

Plaintiff was suspended without pay on March 22, 1974 following her refusal to obey a written order from Dr. Lovejoy to effect the name change on the personnel records. She was reinstated to her previous position on August 16, 1974 following implementation by the Health Department of a new policy adopted by the Shelby County Board of Commissioners on June 20, 1974. Under the new policy the personnel records of county employees carry the name shown on each employee's social security card.

Though the court found that the name change policy of the defendants did discriminate against women, it concluded that "[c]ompelling a married woman to use her husband's last name on personnel forms does not constitute the type of sex discrimi-

nation Title VII was meant to proscribe." The court equated the name change policy with rules concerning hair length, separate restrooms and height and weight requirements, which have been upheld.

The plaintiff has appealed the dismissal of her claims under Title VII and § 1983. She has made no issue on appeal of the dismissal of her claims under §§ 1985 and 1988. In addition to the County itself and Lovejoy, the appellees are the three members of the Shelby County Board of Commissioners (the governing body of the County) and the director of personnel of the Health Department.

We conclude the district court erred in holding that the discrimination practiced by the defendants is not the kind which Title VII proscribes. 42 U.S.C. § 2000e–2(a)(1) provides—

> *§ 2000e–2. Unlawful employment practices—Employer practices*
>
> (a) It shall be an unlawful employment practice for an employer—
>
>> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]

Speaking of Title VII, the Supreme Court wrote in *Griggs v. Duke Power Co.*, 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971), "What is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification." A rule which applies only to women, with no counterpart applicable to men, may not be the basis for depriving a female employee who is otherwise qualified of her right to continued employment.

Our cases dealing with grooming standards and height and weight requirements do not require a different result. In *Barker v. Taft Broadcasting Co.*, 549 F.2d 400 (6th Cir., 1977), we dealt with a grooming code for *both* men and women employees which prescribed different restrictions on the hair styles of each sex and found no discrimination on the basis of sex "within the traditional meaning of that term." *Id.* at 401. The *Barker* holding is in harmony with such decisions as that of the Fifth Circuit in *Causey v. Ford Motor Company*, 516 F.2d 416 (1975), which denied a claim of discrimination based on the maintenance of separate restrooms for men and women. As long as workers of each sex are provided adequate facilities there is no discrimination. The district court cited *Smith v. Troyan*, 520 F.2d 492 (6th Cir. 1975), *cert. denied*, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385 (1976), which was not a Title VII case. There the court applied a "rational relationship" test to find that minimum height requirements for police officers were constitutionally permissible while minimum weight requirements were not. These requirements had been attacked by the plaintiff on equal protection grounds.

This court's recent decision in *Whitlow v. Hodges*, 539 F.2d 582 (6th Cir.), *cert. denied*, 429 U.S. 1029, 97 S.Ct. 654, 50 L.Ed.2d 632 (1976), is inapposite. That case did not involve employment or the requirements of Title VII, but was concerned with a Kentucky regulation which requires a married woman to use her husband's surname in applying for a driver's license. The outcome of *Hodges* was determined by the Supreme Court's summary affirmance of a three-judge district court's holding that an identical Alabama regulation did not offend the equal protection clause of the Fourteenth Amendment. *See Forbush v. Wallace*, 341 F.Supp. 217 (M.D.Ala.1971), *aff'd*, 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246 (1972). In the present case we are dealing with a specific congressional enactment designed to eliminate discrimination in employment. When such discrimination is found to exist, it is not necessary to prove a constitutional violation. Those discriminated against are entitled to relief unless it is precluded by some other provision of the Act.

We conclude that the district court erred in granting summary judgment to all of the

defendants. Upon remand the district court will determine the amount of back pay to which the plaintiff is entitled, noting that she testified that she made no effort to find other employment during the period of her suspension. Entitlement to back pay is qualified by 42 U.S.C. § 2000e–5(g) which provides: "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."

Though the plaintiff named individual county officers and employees as well as Shelby County as defendants in this action, it is clear that Shelby County is the only proper defendant with respect to the Title VII claim. Shelby County was the plaintiff's employer and was the "respondent named in the charge" filed with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e–5(f)(1). The "respondent" is defined as the employer charged with violation of the Act, § 2000e–5(b), and is described as the one against whom affirmative relief, including back pay, may be adjudged. § 2000e–5(g). The County is not immune from a money judgment for back pay by reason of the Eleventh Amendment. The Supreme Court recently held that Congress authorized federal courts to award money judgments against states in the 1972 amendments to Title VII. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). *A fortiori*, there is no immunity for political subdivisions of the states. *See Incarcerated Men of Allen County Jail v. Fair*, 507 F.2d 281 (6th Cir. 1974).

In view of our conclusions with respect to the Title VII claim, it is not necessary to consider the § 1983 claim. The demand for a declaratory judgment and injunctive relief was clearly rendered moot by the reinstatement of plaintiff pursuant to the new official policy of the County with respect to employees' names on personnel records. There is no reason to believe the County will return to its "old ways." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). Thus the only relief possible under the § 1983 claim would be a money judgment for damages. There was no serious effort to establish bad faith or malice on the part of any of the defendants which would justify punitive damages; therefore any award under § 1983 would be limited to compensatory damages. Since the plaintiff will be "made whole" by the back pay award, any § 1983 damages would be cumulative.

The judgment of the district court is reversed insofar as it dismissed the complaint against Shelby County, Tennessee, and is affirmed in its dismissal of the complaint as to the remaining defendants. (The judgment omitted the name of the defendant Ramsay through oversight. An order should be entered dismissing as to this defendant). The case is remanded for further proceedings to determine the back pay award to which the plaintiff is entitled.

CELEBREZZE, Judge, dissenting.

I would affirm for the reasons set forth in Judge Bailey Brown's opinion, and this Court's decision in *Whitlow v. Hodges*, 539 F.2d 582 (6th Cir. 1976), *cert. denied*, 429 U.S. 1029, 97 S.Ct. 654, 50 L.Ed.2d 632 (1976).